## AMOS SHEPHERD vs. SAMUEL W. WYSONG.

. July Term, 1868.

1. Where a declaration demands a particular sum without stating when it fell due or from what time it bore interest, a special plea, alleging that ever since the bond became due and payable the defendant had been and still was ready to pay the said sum and tendered the same in court, &c., is adjudged to be a sufficient plea of tender. .

2. Where suit has been brought on a written contract, oral evidence may be introduced to prove a new and distinct agreement upon a new consideration, whether it be a substitute for the old contract or in addition to and beyond it.

3. When a bond falls due at a stated time, a special plea of tender at that time, in discharge of subsequently accrued interest, may be filed.

4. In an action of debt when a plea of tender is filed, it is the right of the plaintiff to have the money paid into court before he takes issue on the plea, but if he fails to accept the money so paid, or tendered to be paid into court as part satisfaction of the debt, and takes issue on the plea, he waives his right.

At the March rules, 1866, Samuel W. Wysong, assignee of G. W. Eichelberger, brought an action of debt against Amos Shepherd in the circuit court of the county of Jefferson.    The declaration averred that the defendant made his sealed obligation for 1,000 dollars on the 1st day of January, 1859, to become due on the 1st day of March, 1862. No receipt or averment of interest, due or claimed, was made in the declaration, but the bond, of which profert was made, on its face, bore interest from the 1st day of March, 1859.    At the April term, following, the defendant filed two pleas, one a plea that he had made to the plaintiff a tender of the amount due him on the 1st day of March, 1862, the day when the bond became due, which the plaintiff refused

\* See page 1.

to receive; and denied his liability for interest subsequent to that date. By this plea he brought into court, if the plaintiff was ready to receive it, the amount of money thus admitted by his plea to be due the plaintiff. The second plea set forth a parol contract, by which after the tender and refusal averred in the first plea, the plaintiff agreed, in consideration that the defendant would not, as he lawfully might, press the tender and acceptance of the money, in the then unsafe condition of the country, but would permit it to continue and remain a lien upon his land during the war, and until thereafter lawfully demanded, the plaintiff promised to discharge the defendant from the payment of interest thereafter accruing upon the same. The defendant alleged a faithful performance on his part. There was a general replication to both the pleas, and on the issues thus joined the case was submitted to a jury at the April term, 1866, when a verdict was rendered in favor of the plaintiff for the principal and interest of the bond up to the 1st day of March, 1862, and discharging the defendant from the payment of interest subsequent to that date.

A motion was made by the plaintiff for a judgment for the full amount of the principal and interest claimed by the bond, *non obstante veredicto*, which was overruled by the court. A further motion was made to set aside the verdict and award a *venire de novo*, upon the ground that the issue joined between the parties was an immaterial issue, and that the verdict rendered thereon was inoperative and void; which motion was sustained by the court, the verdict was set aside, a repleader awarded and the cause remanded to rules.

The defendant subsequently filed a special plea in more precise phraseology, but in substance the same as the second plea before mentioned, to which the plaintiff demurred and was sustained therein by the court, and the plea was rejected. The cause was again submitted to a jury upon the issue of tender and refusal at the December term, 1867, when the jury rendered a verdict for the principal sum and interest at the rate of six per centum from the 1st day of

March, 1859, till the 1st day of March, 1862, and at the rate of three per centum per annum from that time to the rendition of the verdict, *i. e.,* December 12th, 1867; on which the court entered judgment. The defendant applied to this court for a writ of supersedeas, alleging for error that the court erred in setting aside the first verdict and awarding a repleader; in sustaining the demurrer to the special plea, and in entering judgment on the verdict for three per cent. interest from March 1st, 1862, to the date of the verdict.

*Charles J. Faulkner,* for the plaintiff in error, maintained.

1st. That the verdict rendered at the April term, 1866, was a legal and unexceptionable verdict, founded upon a material defence and responsive to the issues between the parties. The circuit court should have rendered judgment on that verdict, and he asked this court to do what the circuit court had failed to do, now to render judgment on that verdict.

2d. The plea of tender and refusal was responsive to the declaration. If it omitted any allusion to *interest* upon the bond, the same omission had been made in the declaration. A plea which responds fully to the declaration cannot present an immaterial issue, unless the declaration itself be incurably vicious. Besides that issue was found for the plaintiff, and consequently cannot be a subject of error and correction at his instance.

3d. The special plea setting up a parol agreement to waive and relinquish interest upon the bond during the war, presented a valid and substantial defence to that portion of the plaintiffs' claim. The new argreement was not made. until after the bond was payable. It was founded upon a considsideration deemed valuable in law. It had been fully executed by Shepherd. It did not vary the bond as written, but simply affected *interest* which by operation of law would have accrued upon the bond, but for the agreement to waive it. The doctrine is well established, both by the English and American authorities, that a subsequent parol agreement, founded upon a sufficient consideration, and that con-

sideration passed and executed is admissible to vary and modify a written contract, whether that contract be under seal or not, provided such contract be not executory. 1 Taunt., 430; 13 Wend., 75; 4 Sarg. & Rawle, 245; Conn. Rep., 641; 10 Maine Rep., 170; Smith on Contracts, 88; 3 Starkie, 1049.

4th. If the plea had been bad upon demurrer, still as no demurrer was filed, but issue taken upon the plea, if there be any defect in it, it is cured by the statute of Jeofails, section 3, chapter 181, page 743, Code of Virginia.

Under this statute it is obvious that either the repleader is virtually abolished in our practice or some limitation must be imposed upon the generality of its language, which can only be ascertained by the judicial decisions rendered upon its construction. He has referred to the case of *Vaiden* vs. *Bell*, 3 Ran., 457; 15 Grat., 397; 11 Grat., 207; 12 Leigh, 226, to show that the statute was sufficiently comprehensive and "omnipotent" to extinguish all defects, omissions and imperfections of pleadings, except such as showed upon their face that the party was not entitled to the relief asked for. In the plea filed here it does not appear even that the agreement was by *parol*, and the court would be justified in presuming it was under seal, in the absence of all exceptions, if necessary to sustain the verdict.

5th. The court erred in awarding a *repleader* in this case. The issue was material. But even if *immaterial* a repleader can never be awarded in favor of the party *tendering the issue*. Gould's Pleading, section 32, chapter 10, page 474; Doug. Reports, 396; Tidd's Practice, 829. The plaintiff in this case *tendered the issue*. Stephens on Pleading, 78.

6th. The jury may in the absence of any proof as to the parol agreement set up in the second plea, have thought the tender sufficient to stop the running of interest, although not such a technical tender as would prevent a judgment for the debt and costs, and if this was their conclusion, there is sufficient authority to support the verdict. 2 Parsons on Contracts, 639; 2 Cush., 474; 5 Picker., 106..

*Stanton & Allison* for the defendants in error.

MAXWELL, J. This was an action of debt in the circuit court of Jefferson county, in the name of Wysong, assignee of Eichelberger, against Shepherd, to recover the amount of a writing obligatory for 1,000 dollars executed by Shepherd to Eichelberger.

There were two trials of the case had before juries. At the first trial two special pleas were filed, one a plea of tender, the other a plea averring that when the sum specified in the said bond became due and payable the defendant tendered the amount thereof to the plaintiff, which he refused to receive; and averring that in consideration that the said defendant would not press the tender and acceptance of said money upon the plaintiff, in the then unsafe condition of the country, but would permit and allow the principal and interest then due on said writing obligatory to continue and remain a lien upon defendants' land during the war and until thereafter legally demanded by the plaintiff; and that the said plaintiff then and there promised and agreed to discharge the said defendant from the payment of interest thereafter accruing upon the same.

There was replication which is claimed to go to both these pleas, but it is doubtful if it is not confined to the plea of tender. I shall treat it as a replication to both pleas, because it is so treated by the counsel on both sides.

Upon the trial the jury found as follows:

"We, the jury, find for the plaintiff the sum of 1,000 dollars, the debt in the declaration mentioned, with interest from the 1st of March, 1859, till the 1st of March, 1862; and we further find that the said debt shall not bear interest from the 1st of March, 1862."

This verdict was set aside by the court on the motion of the plaintiff, and a repleader awarded.

At another term of the court the defendant tendered a new plea in substance the same as the second plea in the record at the time of the first trial, which was demurred to by the plaintiff and the demurrer sustained by the court. Thereupon a second jury was empanneled which rendered a verdict for the plaintiff the same as the first verdict, except

that it is for interest from March 1st, 1862, at three per centum per annum, and on this last verdict a judgment was rendered by the court.

It is claimed here in behalf of the plaintiff in error that the court erred in setting aside the first verdict, and also in sustaining the demurrer to the last special plea. The defendant in error insists that the issues made on the special pleas were immaterial issues and the verdict rendered void.

It is insisted that the plea of tender is insufficient because it does not aver the tender of a sufficient sum. In respect to this plea it is claimed that it was not at the time of trial as it now appears in the record, but that some amendments were made to it after the first trial, before the second. I know of no way for this court to know what a case was in the court below but by inspection of the record. But if in this case the plea was at the time of trial as claimed by the defendant in error, it is responsive to the declaration. The declaration demands 1,000 dollars without stating when the sum fell due or from what time it bears interest. The plea avers that the defendant, ever since the bond became due and payable has been, and still is, ready to pay the plaintiff the said sum of 1,000 dollars, and that he tenders it to him, &c.

The other plea is claimed to be insufficient for the same reasons and for the further reason that it is an attempt to set up a parol agreement to vary the agreement contained in the sealed instrument sued on. In respect to the first objections, what has been said in relation to the plea of tender is equally applicable to this plea. There is no attempt in this plea to set up a parol agreement in bar of all recovery on the instrument sued on, but only in bar of the recovery of interest thereon from the time the said writing obligatory became due and payable for the time specified in the plea.

It is insisted here that a parol agreement cannot be set up in an action at law to change a sealed instrument.

Greenleaf in his treatise on the law of evidence speaking of the exceptions to the general rule that extrinsic verbal evidence is not admissible to contradict or alter a written

instrument, vol. 1, sec. 303, says: "Neither is the rule infringed by the admission of oral evidence to prove a new and distinct agreement upon a new consideration whether it be a substitute for the old or in addition to and beyond it."

In the case of *Baird & Briggs* vs. *Blairgrove, executor of Blairgrove*, 1 Wash., 170, it was decided that a parol agreement made subsequently to one under seal may be declared on, though it should alter the terms of the written agreement.

In the case of *Fleming* vs. *Gilbert*, 3 Johns. Rep., 528, it was held that the time of the performance of the condition of a bond may be enlarged by a parol agreement of the parties.

The cases of *Wood* and *Johnson*, 6 Mun., 6, and *Steptoes' administrator* vs. *Harvey's executor*, 7 Leigh, 501, are referred to by the counsel for the defendant in error for the purpose of showing that a contract under seal cannot be varied by a parol contract. These cases are both alike in substance upon this question. They were both cases to recover money on contracts under seal against persons who claimed to be sureties. They filed their pleas, averring that they were sureties merely, and that the principal debtors had made new contracts with their creditors by which the times of payment had been extended, by the effect of which the defendants claimed that as they were sureties they were released. The pleas were held to be bad in both cases. These cases are not in any respect like the case under consideration.

In the case of *McCall* vs. *Turner*, 1 Call, 133, it was decided that evidence might be given to the jury on the plea of payment to a bond, that the plaintiff was absent in foreign parts, beyond seas, without a known agent in the commonwealth, in order to extinguish the interest.

In this case the defendant was allowed to prove to discharge the interest, without pleading it, that the plaintiff was absent from the State for about eight years, after the bond fell due, without any agent to whom the debt could be paid or tendered. If matter could be given in evidence

| July Term, | Shepherd vs. Wysong. | 1868. |

under the plea of payment, to relieve from the payment of interest, there ought to be no objection to a special plea setting up matter in discharge of interest.

I think the second special plea in the case under consideration is also good, and that the issue, on the two pleas were not immaterial.

It is objected, however, that the verdict is uncertain. There is an irregularity in making up the issue on the plea of tender. The plaintiff, as he denied the tender, ought to have accepted the sum of money tendered him in part satisfaction of the debt demanded by him, and replied generally to the plea, under the second section of chapter 172 of the Code of Virginia, and thus have placed the money tendered under his control, but he did not do so. He had the undoubted right to have the money in court before he took issue. But as he took issue on the plea without requiring the money to be paid in it seems to me he has waived his right in this respect. With the record as it stood, it seems to me the verdict is not the least uncertain or doubtful, and that the court ought to have entered judgment upon it.

The defendant in error pleads here a release of errors to which plea the plaintiff in error demurs.

This plea it seems to me is not sufficient in substance and that the demurrer to it must be sustained.

In the view I take of the case the proceedings subsequent to the order setting aside the first verdict, ought to be set aside, and the order setting aside the verdict reversed and annulled, with costs to the plaintiff in error, and that this court should enter judgment on the verdict of the jury with interest from the 20th day of April, 1866, with costs to the plaintiff below in the court below to the time the special pleas were filed, and with costs to the defendant below in the court below, after the special pleas were filed.

The President concurred.

JUDGMENT BELOW REVERSED AND CORRECTED JUDGMENT ENTERED HERE.