# CHARLESTON

## SIMPSON v. MANN.

Submitted March 14, 1911.    Decided December 17, 1912.

CONTRACTS—*Written Contracts—Modification by Parol.*

Though a written unsealed building contract provides that no alterations or additions shall be allowed or paid for unless the same and the cost thereof be agreed to in writing in advance, and no change or modification of the contract shall be recognized unless evidenced by agreement in writing, yet a modification may be made by oral contract between its parties.

Error to Circuit Court, Mercer County.

Action by W. A. Simpson against Isaac T. Mann.  Judgment for defendant, and plaintiff brings error.

*Reversed.*

*Williams & Williams* and *Wm. E. Chilton,* for plaintiff in error.

*Anderson, Strother & Hughes* and *John M. McGrath,* for defendant in error.

BRANNON, PRESIDENT:

W. A. Simpson and Isaac T. Mann made a written contract by which Simpson contracted with Mann to build a Presbyterian church in Bramwell. Simpson performed his work in large part, and claiming that the character and cutting of the stone entering into the building was changed from the written contract, rendering the work very . much more costly than it would have been according to the contract. Simpson brought an action of *assumpsit* for the recovery of compensation for the work beyond the provisions of the contract, and on the trial the court took the case from the jury and directed a verdict for the defendant.

Counsel for Mann make a strenuous effort to dismiss the writ of error on the ground that the bill of exceptions does not so identify the oral evidence so as to make it a part of the record. Upon examination of the bill of exceptions we are clearly of the opinion that it very clearly and safely identifies the oral evidence and brings it into the record. This question involves nothing new which would call for a further reference to this matter.

The written contract, not under seal, provided: "That no alterations or additions shall be allowed or paid for unless the same and the cost be agreed to in writing in advance and no change or modification of this contract shall be recognized unless evidenced by an agreement in writing." Oral evidence was given for the purpose of showing that change in the character of the work was ordered in behalf of Mann, and that he agreed to pay for it additional compensation. A brief in the case states that the clause just quoted from the contract constitutes the reason why the court took the case from the jury. We do not think that the clause justifies that ruling. I quote from Page on Contracts, sec. 1349: "If the written contract contains an express provision that no change or modification thereof can be made, except by writing to be signed by one or both parties, the parties to such

contract may, nevertheless, modify or abrogate it by subsequent oral agreement, since the oral agreement will operate as a waiver of the terms of the contract inconsistent therewith, including that term which requires subsequent modification to be in writing. Questions of this sort are often presented in building contracts, where it is provided that modifications of contracts for extra work must be in writing, and subsequent oral agreements for extra work or modifications are held valid.". Bishop on Contracts, sec. 7066, asserts this proposition broadly. "When he has agreed that he will only contract in writing in a certain way does not thereby preclude himself from making a parol contract to change it. There can be no more force in an agreement in writing not to agree by parol than in a parol agreement not to agree in writing, and every such agreement is ended by the new one which contradicts it." *Morrison* v. *Insurance Co.,* 5 Am. St. R. 63. *Shepherd* v. *Wysong,* 3 W. Va. 46. A written contract is of no higher dignity except under the Statute of Frauds, than an oral contract, and the party cannot tie his hands from its modification by prohibiting it unless in writing. Everywhere we find the law to be that a new or changed contract will take the place of or modify a former written contract not under seal. Clarke on Contracts, 610; 9 Cyc., 597. Though brief of counsel for Simpson argue this question, counsel for Mann do not present the want of such written modification as a defence of the action.

Counsel for Mann rests their defence chiefly on the want of a bill of particulars, claiming that under the Code the plaintiff could not offer evidence without it. We see no call made for such bill on the trial. The proper way in which to take advantage of its want is by objection to evidence or a call for it. But really a bill of particulars was used on the trial, and upon *certiorari* an original declaration and minute bill of particulars were sent up, so that we see nothing in this point.

We think that the court erred in taking the case from the jury and directing a verdict. The oral evidence was in the highest degree conflicting upon the material point whether or not Mann directed the change in the character of the work, and whether the superintending architect was agent of Mann in directing the change, and whether Mann promised to pay for the changed work, and moreover the chief witnesses swear exactly

opposite to each other, and their credit is directly involved, and these considerations under well established principles forbade the court directing a verdict. We express no opinion upon the evidence whatever. On the evidence the case was one plainly for the jury.

We therefore reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed.*