LANSING BECKER, Respondent, *v.* STEPHEN BOON et al.,
                    Appellants.

In order to make a tender before suit brought available, the defendant
     must pay the money into court and allege that fact in his answer.
An answer of tender omitting this allegation does not state facts sufficient to
     constitute a defence, and plaintiff may avail himself of the objection upon
     trial.   He does not waive it by going to trial where other issues are pre-
     sented by the answer.   (DWIGHT and GRAY, CC., dissenting.)
*Sheriden* v. *Smith* (2 Hill, 538) distinguished.
Payment to a referee upon trial before him is not payment into court;
     he is not the court for that purpose.
The sale by one of two copartners of all his interest in the firm assets to
     the other and the assumption by the latter of its liabilities confers upon
     the latter, by implication, all the usual powers of adjustment of claims,
     and, among others, that of disposing of them by arbitration.   (DWIGHT, C.)
Where one partner enters into an agreement submitting a claim against
     the firm to arbitration the act may be ratified by the other partners, and
     if so ratified, the opposite party cannot raise the objection of want of
     power.   (DWIGHT, C.)
An award incomplete on its face may be supplemented by parol evidence,
     and the rule requiring an award to be certain only requires that the
     meaning of the parties can be ascertained certainly when all admissible
   · evidence is before the court.   (DWIGHT, C.)
When a portion of an award is void for uncertainty it does not vitiate the
     residue if, by striking out the defective portion, a substantial, definite
     and unobjectionable award remains.   (DWIGHT, C.)
An award was in these words: " Due L. Becker (one of the parties), fifty-
     two and forty one-hundredths dollars and interest."   *Held* (DWIGHT, C.),
     that the fair presumption was that the words "and interest" were
     intended as equivalent to "with interest;" but if not, they could be
     rejected and the residue of the award sustained.

(Submitted May 29, 1874; decided September term, 1874.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, reversing a judgment
in favor of defendants entered upon the report of a referee and
granting a new trial.

     The complaint in this action contained two counts; the first
for an alleged balance due upon account from defendants, as
copartners; the second setting forth an arbitration between

the parties, and an award in favor of plaintiff for the sum of fifty-two dollars and forty cents, and one year's interest. The answer contained: First. A general denial. Second. An arbitration and award substantially as set forth in the complaint, save as to the interest for one year, and also that the arbitration was between plaintiff and defendant Stephen Boon, who had bought out his partner and succeeded to his rights and interests, which award defendants alleged Boon was, and had been, at all times, ready to perform. Third. The same award was set up, with an allegation of a tender of the said sum of fifty-two dollars and forty cents, which plaintiff refused, upon the sole ground that the one year's interest was not included. It was also alleged that defendant Boon has, at all times, been ready and willing to pay said sum, and to perform the award, but that plaintiff refused to accept or to perform the award on his part, and defendants asked judgment for the sum of thirty-two dollars, the alleged value of two steel plows which, by the award, plaintiff was to deliver to defendants. Plaintiff replied, denying each and every allegation of the answer constituting a counter-claim.

The referee found the submission to arbitration and the making of the award, as alleged in the answer, which award was in these terms:

" Due L. Becker fifty-two and forty one-hundredths dollars and interest; due L. Becker one iron plow; due S. Boon two steel plows in storehouse. Fuller debt belongs to Boon."

The referee also found that plaintiff accepted a verbal order for the iron plow; that Boon tendered his check, payable to plaintiff's order, for the fifty-two dollars and forty cents, it being stated therein that it was in full of all accounts, which plaintiff refused to accept, upon the sole ground that it did not cover interest for a year; that said defendant informed plaintiff he could have the check at any time; that immediately on the commencement of the action it was delivered to defendant's attorney; that it was not paid into court, nor was the money, but on the trial it was delivered to, and left with, the referee, in whose possession it still was. As matter of law

he found that the award only called for fifty-two dollars and forty cents, and interest from date; that plaintiff, by putting his refusal on the ground that the amount was insufficient, waived all other objections to the tender and its sufficiency; that the fact that the tender was not paid into court when the answer was served was a mere irregularity, which plaintiff waived by receiving the answer without objection, and he directed judgment dismissing the complaint. In the judgment entered thereon was inserted a clause to the effect that plaintiff was entitled to receive the check. The General Term reversed the judgment, upon the ground that the award was void for uncertainty.

*Levi H. Brown* for the appellants. The submission and award were valid. (*Diedrich* v. *Pickley*, 2 Hill, 271, and note; 2 Barb. Ch., 430, 437; 2 Cow., 638–650; 15 Wend., 99, 106, 108; 15 J. R., 197.) Plaintiff is estopped from denying the validity of the award, or that he is bound by it. (2 Hill, 75; 10 J. R., 143; 12 id., 300–305; 2 Kern., 9, 15, 16; 20 N. Y., 184–187; 1 Seld., 482; 17 id., 411, 420; 20 Barb., 481; 28 N. Y., 147; *Burnside* v. *Whitney*, 21 id., 148.) The award was binding on plaintiff and S. Boon, whether he knew the latter had, on dissolution, received assets and assumed to pay debts of S. Boon & Son or not. (*Haugh* v. *Higham*, 15 Barb., 524; *Palmer* v. *Davis*, 28 N. Y., 248; *Smith* v. *Sweeney*, 35 id., 291–295.) The tender of the check was a good tender. (2 Greenl. Ev., §§ 601, 605, and note; *Holmes* v. *Holmes*, 5 Seld., 528; Story on Con., 419, § 697; 3 Bouv. Inst., 16, note *f*, citing 8 D. P. C., 442; *Huthings* v. *Munger*, 41 N. Y., 155, 156, 158.) The referee correctly found that by the objection that interest was not paid, and the refusal on that ground, plaintiff waived all other objections. (8 M. & W., 298; 2 Exch., 14, 15, 16, and notes; *Mitchell* v. *Cook*, 29 Barb., 253; *Black* v. *Smith*, Peake, 88; *Sands* v. *Graham*, Gow., 121; *Jones* v. *Arthur*, 8 Dowl., 442; Wait's L. and Pr., 1048–1052.) The practice only requires that the money should be paid into court, and does

not require this fact to be stated in the answer. (*Simpson* v. *French*, 25 How., 464; *Bklyn. Bk.* v. *Degraw*, 23 Wend., 342; *Hunter* v. *La Corte*, 6 Cow., 728; *Kortright* v. *Cady*, 21 N. Y., 354, 355.) The verbal order on and acceptance by Lord, and plaintiff's agreement to accept it, was a performance. (2 Pars. on Con., 195, 200, and note; *Booth* v. *Smith*, 3 Wend., 66–68; Story on Con., § 82; *Billings* v. *Vanderbeck*, 23 Barb., 546–552; *Tilton* v. *Olcott*, 16 Barb., 598, 599; *Coit* v. *Houston*, 3 J. Cas., 243; *Schermerhorn* v. *Vanderhyden*, 1 J. R., 140; 2 Den., 60; *Lawrence* v. *Fox*, 20 N. Y., 270; 33 id., 654, 655.)

*Hammond & Whiting* for the respondent.

EARL, C. The plaintiff, in his complaint, among other things, claimed that defendants were indebted to him upon an award of arbitrators in the sum of fifty-two dollars and forty cents. The defendants, in their answer, set up the same award, and allege that on or about the 5th day of November, 1869, they tendered to plaintiff fifty-two dollars and forty cents, which he refused, solely upon the ground that he was entitled to interest thereon for one year, and they further alleged that, from the making and delivery of the award, they had, at all times, been ready and willing to pay the sum awarded, and to comply with the award. There were no other allegations as to keeping the tender and readiness to pay the same, and no allegation or notice that the defendants had paid the same into court.

Upon the trial it was proved that the tender was made in a check for the amount upon a firm of bankers, payable to plaintiff's order, and that the only objection made by the plaintiff was the one set up in the answer. When defendants offered the check in evidence, the plaintiff objected to the same on the ground that it was immaterial and incompetent under the answer; that there was no legal tender set up in the answer. The referee overruled the objection, and received and marked the check as an exhibit. The plaintiff requested

the referee to find and decide that the answer of tender was without notice that the money was brought into court, and that no proof of tender could be given under it. The referee refused so to find or decide, and the plaintiff excepted. The referee found, as facts, that the check was tendered, and that plaintiff was informed that he could have it at any time; that this suit was commenced shortly afterward, when the check was delivered to defendants' attorneys; that the check was not paid into court when defendants' answer was served, nor the money therefor, but that on the trial of the action it was produced and delivered to the referee, in whose possession it remained when his report was made; and he found and decided, as matter of law, that the fact that the tender was not paid into court at the time the answer was served was a mere irregularity which plaintiff waived by receiving the answer without objection, and he ordered judgment in favor of the defendants. To these conclusions of law the plaintiff excepted. The judgment entered upon the report of the referee contained a clause that the plaintiff was entitled to receive and have delivery of the check referred to in the answer and in the referee's report.

These are all the facts to which, upon this appeal, it is important to call attention upon the question of the tender, and I am of opinion that the referee erred in reference thereto. In order to make the tender effectual for any purpose, it was the duty of the defendants to pay the money into court, and allege that fact in their answer. (Graham's Practice, 249, 541; Tidd's Practice, 669; *Brown* v. *Ferguson*, 2 Denio, 196; *Sheriden* v. *Smith*, 2 Hill, 538; *Simpson* v. *French*, 25 How. Pr., 464.) This not having been done, all the authorities hold that the tender was a nullity. If we assume that this check could have been paid into court in the place of money, it was not done. Payment to the referee was not payment into court. He was not the court for the purpose of receiving the money tendered; but simply for the trial and decision of the action. Payment to an entire

stranger, or the retention of the check by the defendants, would have been just as effectual. It does not appear, and was not found by the referee, that the check was delivered to him for the plaintiff. So far as appears it was delivered to him simply as proof in the action.

The object of payment into court is to place the money tendered where plaintiff will be sure to get it. It then becomes the plaintiff's money, and the defendants cannot dispute his right to it. If the tender be established, judgment goes against the plaintiff, and he takes the money tendered for his claim, and the defendants recover costs of the action. But what is the condition of the plaintiff here? He has been defeated in the action because the tender was made, and yet he has no means to enforce the recovery of the check in this action. The provision in the judgment that he shall receive the check cannot be enforced in case the referee has parted with it, or is unwilling to deliver it to the plaintiff, and before delivery to the plaintiff the drawers may withdraw their funds from the bankers, and the check may thus become entirely worthless.

It is said that the plaintiff waived the payment of the money into court by going to trial upon the answer. How did he do this? The answer contained another defence besides tender, and hence the plaintiff was bound to receive the answer. He could not return it, nor treat it as a nullity. The answer of tender did not contain facts sufficient to constitute a defence, and of this objection plaintiff had the right to avail himself upon the trial, and such an objection is never, under our present system of practice, waived by going to trial.

The case of *Sheriden* v. *Smith* (*supra*), is cited as authority to sustain the claim of waiver. In that case there was a plea of payment and of tender, but no allegation of payment into court, and the plaintiff filed a replication to the plea of tender, thus taking issue thereon. Judge NELSON says, that by this act on his part the plaintiff waived the defect in the plea and payment of money into court, and he held under

such a state of things that payment of money into court at the trial was sufficient. But in this case the plaintiff did nothing to recognize the validity of the answer of tender. He did no act upon which a waiver could be predicated. He objected to the sufficiency of the tender at the first opportunity when he was legally called upon to do so, and there is the further difference here that the tender was not paid into court. Hence, I am of opinion that the case of *Sheriden* v. *Smith* is not an authority for defendants' claim in this case.

Without, therefore, examining other alleged errors of the referee, I am of opinion that his judgment was properly reversed, and that the order of General Term should be affirmed, and judgment absolute ordered against the defendants, with costs.

DWIGHT, C. (dissenting). The first question to be considered in this cause is the validity of an award. The defendants had been partners in business and had had dealings with the plaintiff. Prior to February, 1869, the partnership was dissolved, and Stephen Boon became the owner of the partnership assets and assumed its debts and liabilities. On February second he submitted a controversy between him and the plaintiff, growing out of the partnership dealings, to arbitration. On November 1st, 1869, the arbitrators made an award as follows: "Due L. Becker, fifty-two and forty one-hundredths dollars and interest; due L. Becker one iron plow; due S. Boon two steel plows, in storehouse. Fuller debt belongs to Boon. Watertown, November 1, 1869."

There are two objections made by the plaintiff to this award; one is, that the defendant Stephen Boon had no power to submit the questions in controversy to arbitration. As a general rule, it is well settled, that one member of a firm cannot bind his associate by submitting a cause of action to arbitration. (*Stead* v. *Salt*, 3 Bing., 101; *Adams* v. *Bankart*, 1 C., M. & R., 681; *Hatton* v. *Royle*, 3 H. & N., 500; *Karthaus* v. *Ferrer*, 1 Pet., 222; *Buchanan* v. *Curry*, 19 J. R., 137; *Harrington* v. *Higham*, 13 Barb., 660; S. C., 15 id,

524.) The reason given is, that a submission to arbitration cannot be said to be necessary to the carrying on of the business in the ordinary way. (Lindley on Partnership, 213.) It is, however, equally clear, on general principles of the law of agency, that the act may be ratified by the other partners. Accordingly, the opposite party to the contract cannot raise the objection of want of authority if ratification takes place. The sale by Willard Boon to Stephen Boon of all his interest in the partnership assets, and the assumption by the latter of its liabilities, must be deemed to confer upon the latter, by implication, all the usual power belonging to an owner, of adjustment of claims and liabilities; and among others, to dispose of them by arbitration. The right to proceed in this manner is one of the ordinary incidents of ownership.

The award is certainly very informal in its character; and yet it must be considered as sufficient when connected with the parol evidence offered in the cause. There is no rule of law requiring such an award to be in writing. The Revised Statutes provide that to entitle any award to be *enforced according to the provisions of this title*, it must be in writing. In other respects it may be oral. This award being *incomplete on its face*, may be supplemented by oral evidence. (*Jeffery* v. *Walton*, 1 Starkie, 213.) The memorandum in that case concerned the hiring of a horse, and all that it contained was, "six weeks at two guineas; William Walton, Junior." Lord ELLENBOROUGH regarded the memorandum as incomplete, but conclusive as far as it went; he said: "The written agreement in this case merely regulates the time of hiring and the rate of payment, and I shall not allow any evidence to be given by the plaintiff in contradiction of these terms, but I am of opinion that it is competent to the plaintiff to give in evidence suppletory matter as a part of the agreement." Tested by this rule, though the award was incomplete in its terms, it might be shown by parol what parties it concerned, what points were submitted for arbitration and to what the various clauses referred. The paper is only "conclusive so far as it goes." Thus, it might be shown from

whom the money was due to Becker as well as the iron plow.
The two steel plows due to Boon might be identified.    The
Fuller debt might be ascertained in like manner.    The words
" one iron plow," on their face, refer to an existing chattel.
It is only necessary to resort to parol evidence for the pur-
pose of identifying it; and no rule of law can be better set-
tled than that such evidence is admissible for that purpose.
The plaintiff objects that such informalities as these make
the award uncertain, and, accordingly, that they violate the
rule requiring the award to be " certain."    This rule, how-
ever, only means that when all admissible evidence is before
the court, it is impossible to ascertain the meaning of the
parties.    The cases are such as follow : Where a bond is
directed to be given, without naming the sum ; or " good secu-
rity " is required, without naming the security ; or a convey-
ance of *said* farm is referred to, without naming the farm ;
or where a party is directed to give up several books, without
naming the books.    In all of these, and other like cases, there
was an uncertainty on the face of the award which parol evi-
dence, under the circumstances, was inadmissible to remove.
The award in each of these cases was not incomplete on
its face ; but being apparently complete, its meaning was
uncertain.    Such an uncertainty cannot be removed by parol
evidence.

The most serious doubt in the case at bar, is whether the
words " *Due* L. Becker fifty-two dollars, etc., *and* ' interest,' "
make the award uncertain upon its face.    It was so held in
the Supreme Court.    The course of reasoning was that the
award was, on its face, a due bill, and the interpretation as to
the interest would be, that it was to be paid from the date.
But as an award it speaks of something *then* due, and to
be forthwith paid, and it means that, in the judgment of the
arbitrators, there was *then* due to the plaintiff the sum of
fifty-two dollars and forty cents, with interest from a time
not specified.    Accordingly, the award was uncertain on its
face, and void.

This line of argument is not satisfactory.    The part of the

words preceding the word "and" is perfectly certain and
definite. There is due L. Becker fifty-two and forty one-
hundredths dollars. If the words "*and* interest" have no
sensible meaning, they can be rejected, and a perfectly
distinct award will remain. It is a well settled rule that an
award may be uncertain in part, without being necessarily
void as to the whole. So much of it as is faulty is void, but
if this can be severed distinctly from the residue, leaving a
substantial, definite and unobjectionable award behind, this
may be done, and the award then will take effect. (2 Pars.
on Contracts, 698.) In accordance with this rule, it was held
that an award that the defendant should pay the plaintiff a
certain sum *and* also the costs of arbitration (the arbitrator
having no power to award costs), that part is bad, but the
rest is valid. (*Candler* v. *Fuller*, Willes, 62.) The same
result was reached where part of the sum awarded to one
party was founded upon a claim illegal in its nature, the
other part being being separable. (*Aubert* v. *Maze*, 2 B. &
P., 371.) It seems to be immaterial whether the invalid por-
tion is void for illegality, or for uncertainty, or any other
reason. The true line of inquiry is, whether the void portion
is separable from that which is valid. There are, no doubt,
cases where the void part is so material as manifestly to affect
the judgment of the arbitrators, so that the whole award is
void. The present case is not one of these. Moreover, the
words "and interest" do not necessarily bear the construc-
tion put upon them by the Supreme Court. Being used by
non-professional men, in an informal way, the fair presump-
tion is, that they are equivalent to the words "with interest."
True, under that construction, the words would be unne-
cessary, as a "due bill" bears interest by way of damages in
case of non-payment. This rule, well known to lawyers, is
not universally recognized among business men. There are
even decisions of high courts that some forms of "due bills"
require a demand before they will draw interest. (2 Bailey,
276.) The addition of the words "and interest" may be
presumed to have been made to make it certain that the

debt, whenever paid, would be paid with interest from the date of the award to the time of payment. It is a settled rule, in the construction of awards, to make a very liberal indulgence as to matters of form and expression. (2 Pars. on Contracts [5th ed.], 698.) It is laid down by Mr. Russell, in his excellent work on Arbitration, that certainty, to a common intent, is only requisite in an award, since it will be construed by no technical rules, but in a fair and liberal spirit, with a view to support it as far as a sensible and reasonable interpretation will allow, so that courts will strive to hold an award certain, if possible. (47 Law Library, pp. 277–284.) The rule is put in a strong light by Best, J., in *Cargie* v. *Aitcheson* (2 B. & C., 178), who said : " An award should always be supported, unless there is some unanswerable objection to it." It can scarcely be expected, in view of these principles, that the court will presume that certain words were omitted by the arbitrators from the award, and thus overthrow it. The reasonable presumption, in the absence of proof to the contrary, is, that no words were omitted, and that the instrument, as to its directions, is complete. A reasonable interpretation must be given to the words as they appear. Accordingly, the expression " and interest " in the case at bar must be either rejected as insensible and unnecessary, or must be deemed to be equivalent to the words " with interest." Under either view, the practical result is the same, and the award must be regarded as valid. It is proper, also, to suggest that the plaintiff founds his cause of action on the award, and the defendant also relies upon it. It is not perceived how, under such circumstances, either party can deny its validity.

The next point to be considered is, whether there was a sufficient tender on the part of the defendant.

The defendant, Stephen Boon, set up in his answer the award, and that on or about November 5, 1869, he duly tendered to the plaintiff fifty-two dollars and forty cents and the said iron plow, which the defendant refused, solely upon the ground that he was entitled to interest for one year on fifty-

two dollars and forty cents ; and that he has at all times been ready and willing to pay the sum so awarded, and to perform and comply with the award, but that the defendant has refused to accept, comply with or to perform the award. There was no allegation that he was ready to pay, or that he offered to pay, the money into court.

The evidence showed that on the fifth of November the defendant S. Boon handed the plaintiff a check, drawn on a banker, for fifty-two dollars and forty cents. The plaintiff looked at it, and wanted a year's interest on the amount awarded, and said that if the defendant would put that in he would take it, and laid the check down. The defendant then told the plaintiff that he could have it at any time. The only objection that the plaintiff made was that he wanted one year's interest on the award. The defendant had funds in the bank to meet the check down to the time of the trial. The defendant also wrote a receipt for the plaintiff to sign showed it to him, and asked him to sign it when he took the check. The signing of it was not required as a condition of giving the check.

The referee found that the plaintiff had received the iron plow, and Stephen Boon the two steel plows; and also that the check was not paid into court when the defendant's answer was served, nor the money therefor; but that on the trial of the action it was produced and delivered to the referee, in whose possession it then was. The reference was of the class known as "to hear and determine."

Although the defendant S. Boon did not, before action was brought, follow the rules laid down in the authorities as applicable to tender, yet the conduct of the plaintiff was such as to waive them. Strictly speaking, he should have tendered money recognized by law as such, and if the plaintiff had objected to the check on that ground, the act would plainly have been insufficient. The plaintiff made no objection to the check in itself, but placed his refusal to receive it solely on the ground that interest for a year was not included, and to which he was not entitled. It has long been held that if

a tender be made in bank bills which are current and good (though not legal tender), and there is no objection to them at the time on the ground that they are not money, it is sufficient. (2 Pars. on Cont., 645; *Warren* v. *Mains*, 7 J. R., 476; *Snow* v. *Perry*, 9 Pick., 539; *Brown* v. *Dysinger*, 1 Rawle, 408.) No solid distinction can be perceived between this case and that at bar, the check representing funds on deposit. A check, under such circumstances, was held to be a sufficient tender in *Jennings* v. *Mendenhall* (7 Ohio [N. S.], 257). (2 Greenlf. on Ev., § 601; *Jones* v. *Arthur*, 4 Jur., 859; S. C., 8 Dowling, P. C., 442; Story on Cont., § 1004.) The same general remark may be made of the request to give a receipt, the tender not being made dependent upon compliance with the request. (Same cases.)

There was an irregularity also in the proceedings of the defendant after the action was brought. Regularly, he should have set up in his answer not only that he was and had always been ready to pay the amount of the award, but he should have offered to bring it into court, and should have actually paid it into court. This is a well settled rule of the common law. (*Dixon* v. *Clark*, 5 Common Bench R., 366.) For this irregularity, particularly in failing to bring in the subject-matter of the tender, the plaintiff might, by the English practice, have disregarded the answer, and might have signed judgment. (*Chapman* v. *Hicks*, 2 Crompton & Meeson, 633; *Pether* v. *Shelton*, 1 Strange, 638.) It is doubtful whether this course can be pursued under the New York Code. The correct practice would seem to be to take some step to get rid of the answer, perhaps to move for judgment on account of frivolousness. However this may be, it is well settled, in English practice, that if the plaintiff does not sign judgment, he may waive the want of bringing the money into court, on the defendant's part, by any act indicative of his intent. There was, in the ancient law, a rule that money could not be paid into court after plea pleaded. (*Thornton* v. *Gibson*, 1 Wils., 157.) But, in later times, it has been allowed to be brought

into court, even after granting a new trial. (*Anon.*, 1 Tidd's
Pr., 672; 2 Harr. Dig., tit. Payment, 4094, subd. 2 of "Pay-
ment of money into court.") The plaintiff waives payment
by taking issue on the plea of tender, and going to trial.
(*Sheriden* v. *Smith*, 2 Hill, 538.) In that case, there was a
tender with *profert in curiam*, but no notice that the money
had been paid into court. The plaintiff replied, denying
both payment and tender, and went to trial. The court
held that, when issue is taken upon a plea of tender, the
question whether money has or has not been paid in cannot
be litigated at the trial, but must be dealt with like other
matters of practice. It was considered that the omission to
pay in the money was but an irregularity, which the plaintiff
waived by accepting the plea and taking issue upon it. To
the same effect is *Shepherd* v. *Wysong* (3 W. Va., 46), and
*Earle* v. *Earle* (1 Harrison [N. J.], 273).

It is true that, under the existing practice, there is usually
no *reply* as in *Sheriden* v. *Smith*, as none is now necessary,
the allegations in the answer being deemed to be at issue.
(Code, § 168.) The plaintiff, however, in the present case,
treated the answer as a valid one, in point of form, actually
served a reply, and went to *trial* upon the question of the
validity of the tender. The sole controversy between the
parties on this branch of the case being whether the tender
should have included one year's interest. *Sheriden* v. *Smith*
is thus in point. This judgment cannot be affirmed without
overruling that case. It was decided by an able court, the
opinion being written by NELSON, Ch. J. The case was cor-
rectly decided. It accords with *Griffiths* v. *Williams* (1 Term
R. [Durnf. & E.], 710). In this case, money was paid into
court *after* plea pleaded, in an action for unliquidated damages,
under a judge's order. It was held that the order was irregu-
lar, as being an action for unliquidated damages, but that the
irregularity was *waived* by taking the money out of court; and
that the plaintiff could not have a verdict unless he recovered
more than the defendant paid in. ASHHURST, J., said:
"This payment of money was originally irregular, for this

is not one of those actions in which money could, strictly speaking, be paid into court, but that irregularity was waived by the plaintiff's taking it out of court. He should have applied to discharge the rule as irregularly obtained, but, instead of that, he received the money which was paid into court, and went down to trial." BULLER, J., said: "Where the defendant is entitled to pay money into court, it is a matter of course before plea pleaded; and now, even after plea, *it is perpetually done by obtaining a judge's order for that purpose.* No inconvenience ensues to either party from this practice, because if any expense has been incurred that is ordered to be paid at the time of obtaining the rule; and this tends to the furtherance of justice, for if the defendant pay into court what is really due, the plaintiff ought, in justice, to take it. That is the case in general. It is true, indeed, that the defendant in this action (for unliquidated damages), could not, in strictness, pay money into court, because it is founded in damages; but if the plaintiff had intended to object to it, he should have applied to discharge the rule. But he has acquiesced under this order by taking the money, and therefore is estopped from saying that the defendant could not pay money into court." (P. 711.) This extract puts the whole subject in a clear light. The failure to pay in the money is an irregularity which may be waived by any appropriate act. It would be indeed surprising if, under our liberal system of practice, we should hold to more rigorous rules than have prevailed under the technical doctrines of the common law.

If a judge's order be necessary, the deposit of the check with the referee in the case at bar was an equivalent, there being no objection to it by the plaintiff, and no demand being made by him for any expenses, as suggested in *Griffith* v. *Williams (supra)*. The referee at the trial has the power of the court to make amendments to pleadings, summons etc., and in general to control the conduct of such trial. (Code, § 272.)

The result of the whole discussion on the subject of tender

may now be briefly summed up.   The defendant in failing to plead his "*profert in curiam*" and to bring the money into court and to notify the plaintiff thereof, committed an irregularity which would have justified in some appropriate form, a disregard by the plaintiff of his answer.   The irregularity might however be waived by him.   It was in fact waived by going to trial.   The court had the power to order the money to be paid in after answer served.   Practically, this course was pursued by what took place at the trial.   There is much less reason for rigor upon this subject now than formerly, since the plaintiff can get an order at any time, to have the money paid over to him, under section 244 of the Code. This point was ruled in *Roosevelt* v. *N. Y. and H. R. R. Co.* (45 Barb., 554).   It has been held that the rule of bringing money into court, does not apply to proceedings in equity. (*Board of Supervisors* v. *Henneberry*, 41 Ill., 180.)   My brother Gray concurs in this opinion.

The order of the court below should be reversed, and that entered upon the report of the referee should be affirmed.

All concur for affirmance, except Dwight and Gray, CC., dissenting.

Order affirmed, and judgment accordingly.