JOHN H. PLATNER, APPELLANT, v. HIRAM R. LEHMAN
AND JOHN LEHMAN, RESPONDENTS.

*Tender — plea of — the payment of the money into court is not an issuable fact.*

To make an answer of tender, before action brought, good, the defendant should pay the money into court and notify the plaintiff thereof either by the answer or otherwise.

Where, however, the plaintiff takes issue upon an answer which does not allege the making of payment into court he thereby waives the irregularity, and the only issue is whether or not the money was tendered before the action was commenced, the payment of the money into court not being an issuable fact.

APPEAL from a judgment in favor of the defendants for costs, entered upon the trial of this action by the court without a jury.

*S. L. Mayham*, for the appellant.

*A. B. Coons*, for the respondents.

LEARNED, P. J.:

The plaintiff sued on a note. The defendants admitted the note and pleaded tender before suit. In pleading tender they averred that defendants tendered a certain sum (sufficient in amount) to the plaintiff's agent in payment, and that the plaintiff refused to receive it; that the defendants deposited the sum with a certain person, naming him, for the plaintiff, and notified the plaintiff thereof, and that he might obtain the same whenever he chose; and that the defendants had been ever since ready and willing to pay the plaintiff said sum; and that the defendants "now bring said sum into this court ready to be paid to the plaintiff."

At the time of pleading tender, the defendants did not deposit the money in court. The plaintiff took issue on the answer by replying, and the case came on for trial before the court. On the trial the tender was proved, and the deposit in a third person's hand, and the court gave judgment for the defendant with costs. To make an answer of tender before suit good, the defendant should

pay the money into court. (*Brown* v. *Ferguson*, 2 Denio, 196.) The defendant must give notice of such payment into court. Probably this notice may be contained in the answer. (*Becker* v. *Boon*, 61 N. Y., 317.) If this is not done, the plaintiff may treat the answer as a nullity and return it. (*Simpson* v. *French*, 25 How. Pr., 464; *Sheriden* v. *Smith*, 2 Hill, 538.) But if the plaintiff takes issue on the answer, he waives the irregularity that the money was not paid into court at the time of serving the answer. (*Sheriden* v. *Smith*, *ut supra*.) Then the only issue is, whether or not the money was tendered before action commenced. The payment of money into court is not an issuable matter, but a matter of practice. Now, in the present case, the defendants did not pay the money into court at the time of answer; nor did they give notice of such payment; nor did they aver the same in the answer. The answer plainly shows that they had not paid the money into court, but that they had placed it in the hands of a third party. In fact, the third party had it in his possession at the time of the trial. The averment that they now bring the said sum into court, ready to be paid, etc., is clearly not a notice that the money had been actually paid into court. It is mere *profert in curiam*. Therefore, under the decisions above cited, the plaintiff might have treated the answer of tender as a nullity. But he did not. He waived the irregularity and went to trial. On the trial the tender was proved; the money was produced which had been tendered and kept for the plaintiff, and it was handed to the clerk. Thus the answer of tender before action commenced was established. (*Knight* v. *Beach*, 7 Abb. [N. S.], 241.) And the defendants were entitled to judgment for costs.

The judgment is affirmed, with costs.

Present — LEARNED, P. J., and RUMSEY, J.; OSBORN, J., not sitting.

Judgment affirmed, with costs.