## CRONIN *et al. v.* EPSTEIN.[1]

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

1. LANDLORD AND TENANT—RENT—WHEN LIABILITY ATTACHES.
   Where there is attached to a lease a memorandum signed by the parties providing for certain alterations in the premises, and that possession shall be given by a certain time, or sooner, if the alterations are completed, but silent as to when they are to be completed, the lessee is liable for rent after the time fixed for delivery of possession, though the alterations are not complete, and though he then tenders the first month's rent, demanding possession, and is refused.

2. EVIDENCE—PAROL, TO EFFECT WRITINGS.
   There being no ambiguity in the lease, parol evidence of an arrangement, made about the time the lease was executed, as to when the alterations should be completed, is properly excluded.

Appeal from city court, general term.

Action by Francis Cronin and Martha Cronin against Simon Epstein, as surety for Kantrowitz & Epstein on a lease for rent. Judgment for plaintiff in the trial term of the city court. Affirmed at general term, (1 N. Y. Supp. 69.) Defendant appeals. The exceptions made at folios 41, 42, and 49–51 are for the exclusion of evidence as to the condition of the premises and state of the alterations on May 1, 1887, when the possession was to be delivered, and also of evidence of an arrangement between lessor and lessees, about the time of execution of the lease, as to when the alterations should be completed.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*S. F. Kneeland,* for appellant. *George R. Carrington,* for respondents.

[1]Affirming 1 N. Y. Supp. 69.

LARREMORE, C. J. On March 18, 1887, the plaintiffs leased to the firm of Kantrowitz & Epstein the premises known as No. 45 West Fourteenth street, in the city of New York, for the term of six years from May 1, 1887, at the yearly rent of $6,000, payable in monthly installments, in advance, upon the first day of each year and every month. The lease contained the usual covenants, and also a provision that possession of the premises would be given on May 1, 1887, or sooner, if alterations thereto were completed. Attached to the lease was a memorandum signed by the parties, providing for certain alterations in and upon the premises therein demised. The defendant, under his hand and seal, became individually responsible as surety for the payment of the rent reserved in such lease. It appears from the evidence that the repairs contemplated were not finished on May 1, 1887, whereupon the lessees offered payment of $500 for the first month's rent of the premises, and demanded possession thereof, to which answer was made that the alterations were not yet finished. The rent was not paid according to the terms of the lease. The plaintiffs then brought suit against the defendant for its recovery, who contested the payment thereof on the ground that the premises in question had never been accepted by the lessees, and also that they had duly tendered the rent in dispute, and demanded possession of the premises, which was refused. Upon the trial a verdict was directed for the plaintiffs for the amount claimed, and the judgment entered thereupon was affirmed in the court below, from which this appeal is taken.

The lessees were liable upon their covenant, and the surety was properly held responsible upon his individual obligation for the payment of the rent, (*Jaffe* v. *Harteau*, 56 N. Y. 398,) as he had set up no claim for damages on account of a breach of the covenant, (*Edgerton* v. *Page*, 20 N. Y. 285.) There was no provision in the lease fixing the time when the alterations upon the premises were to be completed, and, in view of the memorandum attached to the lease, it must be assumed that the lessees contracted with the understanding that the time fixed for giving possession of the premises (May 1, 1887) was not imperative. The alleged tender set up in the answer was not available as a defense. *Becker* v. *Boon*, 61 N. Y. 317. It was a tender made before suit, and the amount offered was not paid into court. Nor do I think, upon the testimony offered, that there was any waiver by the plaintiffs of their legal rights in the premises. The distinction between a right of action upon a covenant contained in a sealed instrument for the payment of rent, and that for use and occupation only, is no longer an open question. The exceptions noted at folios 41, 42, and folios 49–51, are without merit. There was no ambiguity in the lease, and parol evidence was inadmissible to enlarge its scope or terms. The judgment appealed from should be affirmed, with costs.

VAN HOESEN, J., concurring.