McAdam, J.
The defendant, a banking corporation organized under the state banking act, on June 6, 1893, suspended payment and went into insolvency, and one Antonio Rasines was, on June 9th, appointed temporary receiver of its property and effects by an order of this court, and was afterwards, to wit, on September *249 12, 1893, appointed permanent receiver by it. Immediately upon the appointment of Mr. Rasines as temporary receiver he qualified as such and took possesion of the property and effects of the defendant.
On the day the bank failed, but prior to the time when Mr. Rasines was appointed temporary receiver, one Charles M. Levy, the petitioner, was the owner of a claim against the bank arising from moneys deposited therein, amounting to $1,273.45. Part of this was his own deposit and part of it was the deposit of one Rubinsky & Rabinovitz which had been assigned to him prior to the appointment of the receiver.
At that time Mr. Levy had a number of notes under discount with the bank which were customer’s notes made to Mr. Levy’s order and indorsed by Mr. Levy as payee, which notes had not then fallen due, but which fell due at various times between July 1st and September 20,1893, some of which were paid at maturity and others of which went to protest.
On September 20, 1893, these unpaid notes amounted together with protest fees and interest at six per cent, to the sum of $1,796.47. •
On October 6,1893, the receiver began seven different actions on the notes against Mr. Levy in the city court to recover the amount of the bank’s loans.
Mr. Levy thereupon filed a petition in this court for the purpose of having the receiver instructed to surrender to him the notes on payment of the balance due to the bank. The prayer of the petitioner was granted, provided he would pay one-third of the costs of the city court actions, consented to their discontinuance, and paid the balance due to the bank, with interest, the two amounts being fixed at $544.07.
The appellant claims that the interest was not properly computed, in that he should have been allowed interest on the deposits as an offset to the interest on the notes. The notes by operation of law carried interest from the time of their maturity, while there was. no agreement by the bank to pay interest on the deposits, nor was the bank put in default by" any act of the petitioner prior to its suspension, so as to start the running of interest.
The petitioner also claims that interest on the notes was suspended by a tender made by him of the difference between the two demands. Ho order of the court had been obtained permitting the offset claimed, or authorizing the receiver to give up the notes without full payment, and there was no proof that the alleged tender (if operative) was kept good by a specific appropriation of the money tendered. • Roosevelt v. Bull’s Head Bank, 45 Barb., at p. 584; Becker v. Boon, 61 N. Y., 317. The dispute as to interest was trifling in amount, and the court committed no error concerning it.
The costs of the city court actions had been legally incurred, and the court might have imposed their payment in full as a condition of granting the relief applied for. The application was not one of strict right. It was really an appeal to the favor of *250 the court to instruct its receiver to accept a compromise on an equitable basis, rather than compel the petitioner to assert his legal rights at great expense in defense of the city court actions in which there would have been some recovery in favor of the receiver, with an award of costs much larger than those imposed as a condition of granting the relief applied for. There was no abuse of power or discretion, and the order appealed from must be affirmed, with costs.
GrlLDERSLEEVE, J., concurs.