(16 Misc. Rep. 431.)

## JOHNSON v. GILLETTE.

(Onondaga County Court. March, 1896.)

1. JUDGMENT—RES JUDICATA.
   The amount of a constable's fees included in a judgment of the justice's court is not conclusive on the judgment creditor by whom the constable was employed, in an action by the constable for his fees.
2. TENDER IN JUSTICE COURT—WAIVER.
   Irregularities making a tender by defendant in an action in a justice's court void are not waived by plaintiff's not objecting.

Appeal from justice's court.

Action by T. P. Johnson against Charles A. Gillette to recover for services rendered by plaintiff in serving a summons. Judgment was entered in favor of plaintiff for $1.05 damages and $2.20 costs. Defendant appeals. Reversed in part.

A. Lee Olmstead, for appellant.
Peter B. Cole, for respondent.

ROSS, J. This action was brought by the plaintiff, a constable of the town of La Fayette, to recover for services rendered to the plaintiff for serving a summons in an action brought by the defendant in justice's court, and the defense, in brief, was that the charge made by the plaintiff was in excess of the amount to which he is entitled by law, and also a plea of tender; and it was also claimed by the defendant, upon the trial below, that the plaintiff had not made the affidavit required by section 3324, Code Civ. Proc., to entitle him to charge for traveling fees; and also, upon the close of the plaintiff's case, a motion was made for a nonsuit, upon the ground, with other reasons, that the plaintiff had not proved a cause of action.

An appeal of this character should not be encouraged. No appeal which involves only a sum as trifling as the amount of judgment rendered by the court below, and which does not involve a question of character or professional skill, should be viewed with favor by an appellate court.

The plaintiff below offered in evidence the docket of the justice of the peace, containing an entry of the service of the summons by the plaintiff. The docket was competent evidence, as tending to show the rendition of the service claimed by the plaintiff, that

there was such an action pending, and that a return was made by the plaintiff as having served the summons therein. The evidence of the justice, from whom the first summons was obtained, proved the fact that the defendant in this action had brought before him an action in which he had recovered judgment, the summons in which was served by the plaintiff in this action; and, while he swears that the fees in that case are unpaid, he also testifies that he delivered the summons to the plaintiff in that action, the defendant in this, and of necessity only speaks with reference to the payment of the fees to him. It is not claimed, either upon the direct or cross-examination, that he had any knowledge of what took place at any time between the plaintiff and defendant in this action; so, at the close of the plaintiff's proof in this case, the only evidence that the plaintiff had rendered any services for the defendant consisted in the fact that a summons was issued by the justice in the former case, and given to the plaintiff, and was returned by the plaintiff as served.

The plaintiff claims that the justice's docket in the former action, and the summons, and the constable's return, together with the evidence of the justice that the constable's fees were not paid to him, make out a case. The justice's docket is evidence of any matter required by law to be entered therein. Code Civ. Proc. § 938. The justice is required, when he renders a judgment, to specify in his docket book the items of costs allowed. Code Civ. Proc. § 3078. I therefore determine that the justice's docket proved the rendition of the services by the plaintiff, and that the amount entered in the docket was $1.05, but nothing more. It does not prove that the defendant had not paid the plaintiff. A constable is entitled to demand and receive prepayment for any legal services rendered by him. Code Civ. Proc. § 3328. And is not the presumption as strong that he exercised that right, and did receive payment, when the services were rendered, as that the defendant neglected to pay when the same became due? And it is a serious question if the fact of nonpayment was not a necessary fact to be averred and proved. Lent v. Railroad Co., 130 N. Y. 504, 510, 29 N. E. 988.

But any defect in the proof which is supplied during the trial will cure an erroneous refusal to nonsuit. Plankroad Co. v. Thatcher, 11 N. Y. 102; Strawboard Co. v. Inman, 134 N. Y. 96, 31 N. E. 248. And the defendant fully supplied the evidence necessary to show nonpayment, and, indeed, the rendition of the services. The only controversy between the parties, as disclosed by the evidence of the defendant, was as to the amount the defendant should pay; he tendering 45 cents, and the plaintiff claiming $1.05.

Was the plaintiff entitled, under the evidence heretofore specified, to receive $1.05? The affidavit, which the plaintiff claims was a compliance with section 3324 of the Code of Civil Procedure, does not contain the name of the affiant, is not signed by him, contains no statement as to the number of miles traveled, and is, in fact, only a blank affidavit signed by the justice, and is clearly defective. Section 3324, Code Civ. Proc., provides that a consta—

ble who charges any traveling fees must show by affidavit that the travel is necessary, and further, that the justice must be satisfied that the miles charged for were actually and necessarily traveled. The section in question is more particularly to inform the justice and protect the judgment debtor. The judgment debtor in the former action could undoubtedly insist on having that judgment corrected if the item was erroneously inserted, or, if compelled to pay, could maintain an action against the constable for extortion. Sayles v. Murphy, 8 Civ. Proc. R. 326. Query, whether the making of the affidavit required by section 3324 is a condition precedent, necessary to be performed before the constable can recover from the plaintiff.

The plaintiff, on the one hand, claims to have the right to be placed in a position where he will legally be entitled to enter judgment, if successful, for the amount of the costs paid to the constable by him; but, on the other hand, the amount which the plaintiff can require the justice to insert, if successful, does not by any means determine the amount of his liability to the constable. The amount of the constable's fees may be, by reason of the number of miles traveled, in excess of the statutory costs allowed to a successful party in justice's court, and yet the plaintiff could not plead and prove that fact in answer to a claim made by the constable for services rendered; but, in any event, the justice would have had the right to tax 25 cents for the service of the summons, and probably 45 cents, upon the theory that, in any case, the constable must necessarily travel a fraction of a mile in going, and a fraction of a mile in returning, and that the affidavit required only relates to traveling fees charged in excess of one mile. Whether the making of the affidavit required by section 3324 is a condition precedent to a recovery by a constable against a plaintiff who employed him is unnecessary to be decided, because I think the evidence of the defendant shows that the plaintiff is not entitled to recover more than 45 cents for two miles traveled in any event. The defendant's evidence, in substance, was that he made the claim, in his conversation with the plaintiff relative to the amount to which the plaintiff was entitled, that he was only entitled to mileage for two miles, and no explanation justifying an additional charge at that time was testified to, and no evidence was given by the plaintiff, upon the trial of this case, except as before stated, explaining the amount of fees claimed, and which he recovered below, and in the absence of explanation the evidence of the defendant in this regard will be taken as correct.

The contention of the plaintiff's counsel, that the amount of the constable's fees claimed, $1.05, having been included in the former judgment in favor of the plaintiff, is conclusive upon him, and cannot be attacked collaterally, or that the defendant is estopped by the amount of constable's fees recovered in the former action, seems to me to be unsound. The operation of an estoppel must be mutual, and it can hardly be claimed that the plaintiff in this action is bound by the recovery between Gillette and the defendant in the former action. A judgment is not binding as between a

party and a stranger.    Steph. Dig. Ev. art. 42.    And the plaintiff is a stranger to the former action.    For the reasons herein set forth, the plaintiff is not entitled to recover to exceed 45 cents, and is entitled to recover at least 25 cents for service of summons, without mileage, unless the defendant made a sufficient and proper tender, which is the only remaining question.

To effect a common-law tender, it must be shown affirmatively that the money was tendered unconditionally, that it has been kept ready at all times to pay upon demand, and must be brought into court, and deposited at the time of answering.  Brown v. Ferguson, 2 Denio, 196; Livingston v. Harrison, 2 E. D. Smith, 197 (marine court); Roosevelt v. Bank, 45 Barb. 579, 584; Becker v. Boon, 61 N. Y. 317.  The reason of this is that the fact of tender admits the claim sued upon, and the right of the plaintiff to recover that amount in any event, and the amount tendered belongs to the plaintiff, whatever may be the result of the action; and to be complete, it must be so placed as to be within the power of the plaintiff to obtain it.    Becker v. Boon, 61 N. Y. 322;  Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688.    The defendant showed a tender to plaintiff, but did not show affirmatively that it had been kept good, did not show that the same money was brought into court, and did not pay it in court at the time of answering, or in fact at any time. For these reasons, the tender was ineffectual, unless these irregularities were waived by the plaintiff not objecting.    It was held in Sheridan v. Smith, 2 Hill, 538, that by pleading over the plaintiff waived the failure to pay into court.    See, also, Halpin v. Insurance Co., 118 N. Y. 166, 178, 23 N. E. 482.    But the cases where a waiver was claimed were actions in courts of record, and where, by pleading, or failure to return a pleading served, a waiver was claimed.    But in justices' courts there are no pleadings subsequent to the answer, and the plaintiff was under no legal obligation to explain to the defendant that he had not fully performed his attempted tender.    It appears that the money upon the trial was produced and tendered to the plaintiff, who would not accept it. I see no legal significance in this, further than an unsuccessful tender in court.    As the tender was ineffectual, the plaintiff is entitled to recover judgment for 45 cents.

Judgment below affirmed as to 45 cents and justice's costs, and reversed as to the balance of damages allowed in the judgment below, as the defendant attempted, before suit, to pay to the plaintiff the amount so awarded, and only failed in establishing the defense of tender by irregularities in not keeping the same good, for which irregularities he should pay justice's costs.    In other words, the plaintiff could have obtained the amount actually due without suit, for which reasons I award the defendant $10 costs and $2 disbursements for justice's return, pursuant to subdivision 5, § 3066, Code Civ. Proc.

Ordered accordingly.