(95 Misc. Rep. 84)

## WHITE v. GRIFFENHAGEN.

### (City Court of New York, Trial Term. April, 1916.)

1. SHERIFFS AND CONSTABLES ☞51—COMPENSATION—DEDUCTION FROM AMOUNT COLLECTED—"ATTACHMENT FOR PAYMENT OF MONEY."

   Where a sheriff collects money from a judgment debtor under a warrant for arrest in proceedings supplementary to an execution, he acts under an "attachment for the payment of money" defined by Judiciary Law (Consol. Laws, c. 30) § 762, as a mandate whereby an original special proceeding is instituted against the accused on behalf of the people on the relation of the complainant, and such sheriff is entitled to deduct his fees or poundage, allowed by Code Civ. Proc. § 3307, on the collection of money under such an attachment, from the amount collected.

   [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 76; Dec. Dig. ☞51.]

2. EXECUTION ☞419—SUPPLEMENTARY PROCEEDINGS—WARRANT.

   Under Judiciary Law, § 773, providing that, if actual loss or injury has been produced to a party to an action or special proceeding by the misconduct of the offender, a fine sufficient to indemnify the aggrieved party must be imposed, the fine imposed in a warrant in proceedings supplementary to an execution includes the poundage fees of the sheriff.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. ☞419.]

3. ASSIGNMENTS ☞101—TENDER TO ASSIGNOR.

   Where a sheriff, on collecting from a judgment debtor the sum set forth in a warrant issued in proceedings supplementary to an execution, immediately tendered to the judgment creditor the sum collected, less his fees, which was refused, and an assignee of the creditor commenced suit against the sheriff, without having notified the sheriff of her interest in the fund, and the sheriff proffered the sum collected, less his fees, in his plea, and kept it good on the trial, and there was no objection to the form of the tender, the complaint must be dismissed.

   [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 182; Dec. Dig. ☞101.]

Action by Alice M. White against Max S. Griffenhagen to recover an amount collected by defendant, as sheriff, under a warrant against

a debtor in proceedings supplementary to execution. Complaint dismissed.

L. M. Berkeley, of New York City, for plaintiff.
Abraham S. Gilbert, of New York City, for defendant.

LA FETRA, J. This action is brought by the plaintiff, the assignee of L. M. Berkeley, to recover an amount collected by the defendant, as sheriff, under a warrant issued out of this court against a debtor in proceedings supplementary to execution, wherein the plaintiff's assignor was the petitioner. The warrant directed the sheriff to take and hold the debtor in custody until he pay the sum or until he was discharged according to law. The sheriff arrested the debtor, who paid the amount set forth in the writ, with interest to the date of said payment, which is the amount now sought to be recovered. Immediately thereafter he tendered to plaintiff's assignor the said sum, less his fees, which was refused. Thereafter the petitioner assigned his claim to the plaintiff.

[1, 2] The plaintiff failed to notify the sheriff of her title to or interest in the fund, and without a prior demand by her for payment commenced this action. The sheriff was entitled to deduct his fees or poundage from the amount collected. Code Civ. Proc. § 3307. He was acting under an attachment for the payment of money. Judiciary Law, § 762. His poundage fees were included in the fine imposed, which was to be paid to the aggrieved party under the direction of the court. Judiciary Law, § 773. In Doyle v. Doyle, 4 Civ. Proc. R. 265, 269, the court said:

"In the case like the present, the law assumes that the expenses of the plaintiff have been covered by fine."

So, in the absence of a specific direction in the warrant, the sheriff was entitled to deduct his fees from the amount collected in behalf of petitioner, or to hold the fund until such a direction was made by the court.

[3] The defendant denied the material allegations of the complaint, interposed the defense of a tender made before the commencement of the action, proffered the sum, less his fees, in his plea, and kept it good upon the trial. Although the currency was neither deposited in court nor offered at the trial, no objection was interposed as to the form, and the assumption is full performance and legal tender. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 178, 23 N. E. 482; Mela v. Geis, 3 Civ. Proc. R. 152; Becker v. Boon, 61 N. Y. 317. Sections 772–774 apply to tenders made after an action has been commenced without a previous proffer, and not to those under the common law, like the one in question. Accordingly, the complaint is dismissed.

Complaint dismissed.