WILLIAM H. HOOVER, Assignee, etc., Appellant, *v.* HERMAN GREENBAUM, impleaded, etc., Respondent.

In order to entitle an assignee in bankruptcy to enforce the remedy given by the bankrupt act (§§ 35, 39) against a creditor, in whose favor the bankrupt has confessed judgment, with a view to give a fraudulent preference, by means whereof the property of the bankrupt has been taken and sold, it must be made to appear that at the time of the confession of judgment the creditor had reasonable cause to believe his debtor was insolvent, and confessed the judgment with a view to give a preference in fraud of said act, and there must be some participation of the creditor in the illegal acts.

*It seems,* that where the creditor gives his claim to an attorney, with no instruction, save simply to collect, and the attorney, without the knowledge of his principal, procures a confession of judgment in violation of the provisions of the bankrupt act, the knowledge of the attorney cannot be imputed to the principal, within the meaning of the act.

Defendants, residing in New York, and having a claim against O., who lived in Nebraska, gave it to a law and collecting agency in New York, with instructions to collect. The claim was forwarded by the agency to attorneys in Nebraska, who obtained judgment by confession, and, upon execution issued thereon, a portion of the judgment was collected; this was forwarded to the agency in New York, but no part was paid over to defendants, and they were ignorant of the collection. At the time the judgment was obtained O. was insolvent, and this was known to said attorneys. In an action by the assignee in bankruptcy of O., *held,* that there was no relation of attorney and client between defendants and the attorneys in Nebraska, and as they neither authorized any

act violative of the bankrupt act, nor ratified it, they were not respon-
sible therefor, and that plaintiff was not entitled to recover.

(Argued May 28, 1874; decided September term, 1874.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, reversing a judgment
in favor of plaintiff entered upon the report of a referee.
(Reported below, 62 Barb., 188.)

This action was brought by plaintiff as the assignee in
bankruptcy of Elias S. Oppenheimer to recover moneys
alleged to have been collected by defendant of said bankrupt
in violation of sections 35 and 39 of the bankrupt act.

The findings of the referee were substantially as follows:

That on the 10th day of August, 1868, Elias S. Oppen-
heimer, then of the State of Nebraska, who was then
insolvent, with the intent to give the defendants, who were
his creditors, a preference over others of his creditors,
confessed a judgment in their favor for the sum of $1,115.15,
in the District Court for the first judicial district of the State
of Nebraska, in and for Otoe county of said State, in which
court the judgment was duly entered up and perfected. That
on or about the 11th day of November, 1868, said Oppen-
heimer filed his petition and schedules in the District Court
of the United States for the district of Nebraska, and was
duly adjudged a bankrupt, according to the provision of the
bankrupt law. That the agents and attorneys of the defend-
ants, who obtained said confession of judgment, had, at the
time, reasonable cause to believe that said Oppenheimer was
insolvent at the time of such confession of judgment, and
that said judgment was confessed and a preference given
thereby to the defendants over the other creditors of
Oppenheimer, in fraud of the provisions of the said act.
That said attorneys and agents issued an execution on said
judgment to the sheriff of the proper county, and collected
thereon, out of the proceeds of the sale of the property
of said Oppenheimer, the sum of $379.14. That before the
commencement of this action the plaintiff, assignee in bank-

ruptcy of said Oppenheimer, demanded of the said defendants the said sum, and the defendants have refused to pay the same.

And, as conclusions of law, he found:

That plaintiff was entitled to recover of defendants the amount so collected.

The facts, as proved, are substantially stated in the opinion.

*Benj. Estes* for the appellant. The confession of judgment was in violation of sections 35 and 39 of the bankrupt act, and plaintiff is entitled to recover. (*Roher's Appeal*, 62 Penn. St., 498; *Pierce* v. *Evans*, 61 id., 415; *Tr. Nat. Bk.* v. *Campbell*, 14 Wall., 87; *Vogle* v. *Lathrop*, 4 Bk. Reg., 146; *Hood* v. *Kasper*, 5 N. B. R., 358; *In re Lord*, id., 318; *Golson* v. *Neihoff*, id., 56; *In re Terry*, 4 B. R., 33; *Street* v. *Dawson*, id., 60; *Mayer* v. *Hermann*, 10 Blatch., 256; Bump's L. and Pr. Bktcy. [5th ed.], 472; *Forbes* v. *How*, 102 Mass., 427; *In re Drummond*, 1 B. R., 10; *In re Black*, id., 81; *In re Sutherland*, id., 140; *In re Diblee*, 2 id., 185; *In re Heller*, 4 Alb. L. J., 49; *Haskell* v. *Ingalls*, 5 N. B. R., 205; *Toof* v. *Martin*, 6 id., 49; *Stobaugh* v. *Mills*, 8 id., 361.) The principle of *respondeat superior* applies to charge the defendants. (Story on Ag., § 454; *Storrs* v. *City of Utica*, 17 N. Y., 104; 1 Pars. on Con. [5th ed.], 53, 57; *Newton* v. *Bronson*, 3 Kern., 587.) Defendants are chargeable with the act and knowledge of their attorneys. (Bump's L. and Pr. in Bktcy. [5th ed.], 475, 485; Kerr on Fraud and Mistake, 196, 200; *Mayor* v. *Hermann*, 10 Blatch., 256; *Graham* v. *Stark*, 3 Bk. Reg., 92; *The Distilled Spirits*, 11 Wall., 356; *Beattie* v. *Gardner*, 4 Bk. Reg., 106; 1 Pars. on Con. [5th ed.], 44, 57, 74; *Mech. Bk.* v. *N. Y. and N. H. R. R. Co.*, 3 Kern., 632; *U. S.* v. *Wyngall*, 5 Hill, 16; *North* v. *House*, 6 Bk. Reg., 365; Story on Ag., §§ 452–454; *Bk. of U. S.* v. *Davis*, 2 Hill, 452–461; *Sanford* v. *Handy*, 23 Wend., 268; *Mali* v. *Lord*, 39 N. Y., 368; *Griswold* v. *Haven*, 25 id., 595; *Carlisle* v. *Soule*, 44 Vt., 265; *In re Colman*, 2 B. R., 172;

*Calvin* v. *Holbrook*, 2 N. Y., 126 ; Broom's Leg. Max., 552 ; 2 Pars. on Con. [5th ed.], 614.)

*Roger A. Pryor* for the respondent. The respondent was not liable for the illegal and unauthorized act of his attorneys. (*Duffy* v. *Mesterton*, 44 N. Y., 557 ; *Gager* v. *Babcock*, 48 id., 161 ; *Ferris* v. *Kilmer*, id., 300 ; *Goodrich* v. *Thompson*, 44 id., 324 ; *Walsh* v. *Powers*, 43 id., 27 ; *Haydock* v. *Coope*, 53 id., 73 ; *Putnam* v. *Hubbell*, 42 id., 113 ; *Mason* v. *Lord*, 40 id., 477 ; *Fellows* v. *Northrop*, 39 id., 117 ; *Austin* v. *N. J. Stbt. Co.*, 43 id., 76 ; *Burgess* v. *Simonson*, 45 id., 228 ; *Pratt* v. *Foote*, 9 id., 465.) The Nebraska attorneys were not respondent's agents. (*Mont. Co. Bk.* v. *Albany City Bk.*, 7 N. Y., 459 ; *Comm. Bk. of Penn.* v. *U. Bk. of N. Y.*, 11 id., 211 ; *Blake* v. *Ferris*, 5 id., 49 ; *Kelly* v. *Mayor*, etc., 11 id., 432 ; *Pack* v. *Mayor*, etc., 8 id., 222 ; *Durst* v. *Barton*, 47 id., 170 ; *Benton* v. *Smith*, 8 Gray, 147 ; Story on Ag., 454 ; *Sproul* v. *Hemmingway*, 14 Pick., 1 ; *De Forest* v. *Wright*, 2 Mich., 368 ; *Ger. Bk.* v. *Edwards*, 53 N.Y., 544 ; *Eaton* v. *E. and N. R. R. Co.*, 59 Me., 520 ; 8 Am. R., 430 ; *Cuff* v. *N. and N. Y. R. R. Co.*, 35 N. J., 17 ; 10 Am. R., 206 ; 35 N. J., 574 ; *Kimbal* v. *Cushman*, 103 Mass., 194 ; 4 Am. R., 531 ; *Water Co.* v. *Ware*, 16 Wall., 576 ; *Robbins* v. *Chicago*, 4 id., 679 ; *Cobb* v. *Beck*, 6 Q. B., 930 ; *Robbins* v. *Finnell*, 11 id., 248, 256 ; *Yates* v. *Freckelton*, 2 Doug., 623 ; *Helps* v. *Clayton*, 17 C. B. [N. S.], 553 ; *Mackersey* v. *Ramsay*, 9 C. & F., 818, 850 ; *Linton* v. *Smith*, 8 Gray, 147 ; *Reedie* v. *London*, etc., 4 Exch., 244 ; *Milligan* v. *Wedge*, 12 Ad. & Ell., 737 ; *Rasson* v. *Cubitt*, 9 M. & W., 710 ; *Overton* v. *Freeman*, 11 C. B., 867 : *Laugher* v. *Pointer*, 5 B. & C., 547 ; *Quarman* v. *Burnett*, 6 M. & W., 499.) If the Nebraska attorneys were the agents of respondent, he was not responsible for their unauthorized and unratified participation in the unlawful act of preference. (Kerr on Frauds, 261 ; *Owings* v. *Hall*, 9 Pet., 607 ; *Verona*, etc., v. *Murtaugh*, 4 Lans., 17 ; *Clarke* v. *Met. Bk.*, 3 Duer, 241 ; *Bk. of Comm.* v. *Mayor*, 43 N. Y., 189 ; *Ward* v. *Van Duzen*, 2 Hall, 187 ;

*Bell* v. *Day*, 32 N. Y., 165 ; *Condit* v. *Baldwin*, 21 id., 219 ; *Mali* v. *Lord*, 39 id., 381 ; *Fraser* v. *Freeman*, 43 id., 568 ; *Vanderbilt* v. *Rich., etc.*, 2 id., 479 ; *Wright* v. *Wilcox*, 19 Wend., 343 ; *Foster* v. *Essex Bk.*, 17 Mass., 479 ; *Wilson* v. *Rankin*, 34 L. J., pt. 2, p. 67 ; 35 id., pt. 2, p. 87 ; *Lyons* v. *Martin*, 8 Ad. & Ell., 512 ; *Ellis* v. *The Sheffield, etc.*, 2 E. & B., 767 ; *Earle* v. *Rawscroft*, 8 East, 133 ; *Peachy* v. *Rowland*, 13 C. B., 182 ; 76 E. C. L., 181.)

REYNOLDS, C.   The appeal is by the plaintiff from an order of the General Term, reversing a judgment entered upon the report of a referee, and ordering a new trial.   The order not stating the reversal to have proceeded upon any error of fact, we are to assume it was made for some supposed error of law.

The action was brought by the plaintiff, as the assignee in bankruptcy of one Oppenheimer, to recover from the defendants moneys alleged to have been collected in violation of the thirty-fifth and thirty-ninth sections of the bankrupt act of the United States.   Oppenheimer was a merchant in Nebraska and was the debtor of the defendants, merchants in New York, to the amount of over $1,000, which, in July, 1868, had been several months over due; and, thereupon,. they handed their claim over to Ledyard, Archer & Co., a law and collection agency in the city of New York, with instructions to collect it, and they forwarded to one McClellan, an attorney in Nebraska City for that purpose.   He was one of the firm of McClellan & Archbold, and this firm sued Oppenheimer in Nebraska on the claim of the defendants, and on the 10th of August, 1868, obtained judgment by confession.   An execution on the judgment was, on the same day, placed in the hands of the sheriff, and the money realized thereon sought to be recovered in this action.   This money was remitted, after deducting costs, to Ledyard, .Archer & Co., but no part of it ever reached the defendants, it having been otherwise disposed of by Ledyard, Archer & Co. Oppenheimer was, at the time, insolvent beyond all question, and this was known to the attorneys who obtained

the judgment and collected the money. Within less than four months after the judgment was obtained Oppenheimer was adjudged a bankrupt by the District Court of the United States in Nebraska, and the plaintiff duly appointed his assignee.

In order to entitle the plaintiff to recover, it must, among other things, be made to appear that, at the time the confession of judgment was obtained against Oppenheimer, the defendants had reasonable cause to believe that Oppenheimer was insolvent, and confessed the judgment to give a preference in fraud of the bankrupt act.

The defendants' account against Oppenheimer was over due, and shortly after it matured the defendant Greenbaum, who had charge of closing up the affairs of his late firm, wrote to the debtor for payment, and he replied, that business having been very dull, he would thank them to wait on him, and he would send the money in a short time ; but he failed to remit, and hence the claim was handed over to Ledyard, Archer & Co., for collection. Greenbaum swears that, at this time, he had no knowledge of the financial condition of Oppenheimer, or that other suits had been commenced against him, or of other claims or judgments. This does not authorize a finding that he had reasonable cause to believe that Oppenheimer was insolvent within the meaning of the bankrupt act. Greenbaum did not know that the judgment had been taken by confession, or by whom the claim was being prosecuted in Nebraska, or that any money had been collected or remitted to Ledyard, Archer & Co., until after a demand was made upon him to pay it over to the plaintiff. It is, therefore, impossible that he can be charged personally with a reasonable cause of belief of any fraud committed in violation of any of the provisions of the bankrupt act; and I think there must be some condition of the creditor's personal participation in the alleged illegal act before the extraordinary remedy given by the act of Congress can be enforced. The defendants had the undoubted right to pursue Oppenheimer to judgment, execution and levy, and the fraud is supposed to

consist in the *confession*, which, no doubt, did operate to secure a largely qualified preference, but of this the defendants, in fact, knew nothing.

There was no relation of attorney and client or principal and agent between the Nebraska attorneys and the defendants, which, by construction, can charge them with the knowledge of the affairs of Oppenheimer they had, or of any action of theirs had in fraud of the bankrupt law. (72 Penn., 124.) In any view they were not commissioned or authorized to commit any fraud whatever which can be imputed to the defendants. No instructions were given them, and no communication had with them, and the defendants did not even know what lawyers had charge of the claim in Nebraska, and the agents employed by them in New York had no instructions to subject their clients to any of the penalties of fraud, but only to do their best to collect the debt, and it does not appear to me that if, in their zeal, any of the provisions of the bankrupt act has been violated, this knowledge can be imputed to the defendants within the meaning of the act. (Kerr on Frauds, 261, and cases cited in note; *Cobb* v. *Beake*, 6 Q. B. R., 930; *Scammon* v. *Cole*, 5 Nat. Bank. Register, 259; *Wager* v. *Hall*, 16 Wall. [U. S.], 595; *Condit* v. *Baldwin*, 21 N. Y., 219; *Wilson* v. *City Bank*, 17 Wall. [U. S.], 473.)

If, in fact, the defendants had received the money in dispute with any reasonable suspicion of all the facts as now disclosed, it might, perhaps, have been said that the acts of the agent had all been ratified, including the supposed fraud; but it is unnecessary to consider that question.

Upon every material question of fact in the case touching the liability of the defendants, the evidence was uncontradicted, and we may therefore consider whether it in law authorized the finding of the referee, and we are of the opinion that it did not.

The order appealed from must be affirmed, and judgment absolute ordered in favor of the defendants, with costs.

All concur.

Order affirmed and judgment accordingly.