## SUPREME COURT.

MARX W. MANDEL *et al.* agt. SAMUEL B. MOWER *et al.*

*Liability of agent for moneys collected by sub-agent.*

Collection agents, to whom notes are intrusted for collection, are liable for moneys received by attorneys employed by them, and which are not paid over.

*June,* 1878.

THIS action was commenced by the plaintiffs against the defendants, who composed the firm of Mower & Crosby, collection agents, to recover the sum of $400. The facts are these : On July 21, 1874, the plaintiffs delivered to the defendants, for collection, a past-due note for $400, made by the firm of Leutz, Borie & Co., of Fort Wayne, Ind. The note was entered in a pass-book issued by defendants to plaintiffs, upon which was printed the following receipt : " Received of M. W. Mandel & Bro., for collection, the following described claims, avails of which are to be promptly paid over on receipt by us."

The defendants forwarded said claim for purposes of collection to one James W. Schell, an attorney at law at Fort Wayne, Indiana. Schell collected the amount of the note and failed to remit the proceeds to the defendants. Shortly thereafter he died. Demand having been made upon defendants, and they refusing to pay, this action was commenced. The case was submitted on admitted facts, and was tried by the court without a jury. In rendering judgment for the plaintiffs, the following opinion was rendered : .

*Morris S. Wise*, for plaintiffs.

*A. H. Hitchcock*, for defendants.

VAN VORST, *J.* — James W. Schell, the attorney at Fort Wayne, was the agent of the defendants. This is well settled (*Hoover* agt. *Wise*, 1 *Otto*, 308, *and cases cited; S. C.*, 61 *N. Y.*, 305; *Palmer* agt. *Holland*, 51 *id.*, 416). In this latter case the defendant, a collection agent in New York, to whom a note was delivered for collection payable in California, was held liable for the omissions of all agents, including the attorney at law to whom the defendant intrusted the same for collection.

The attorney in Fort Wayne being the agent of the defendants, they are liable to the plaintiffs for the proceeds of the note when received by the sub-agent. The defendants would escape liability by the terms of the receipt, in which it is stated that the "avails are to be promptly paid over on receipt by us." I cannot think that the defendants' true relation and liability are at all affected by this language. The money was received by them in law when collected by the sub-agent. The receipt was intended as an assurance of prompt payment over and nothing more. There should be judgment for the plaintiff for the amount collected.