Francis M. Taylor, Respondent, *v.* The Brooklyn Elevated Railroad Company, Appellant.

Under the provision of the Code of Civil Procedure in reference to tender (§ 731) and payment into court of the money tendered, in case of refusal to accept (§ 732), when the money is so brought into court, it belongs to plaintiff, and his title thereto cannot be disputed, whatever may be the result of the action.

The plaintiff, in proceeding after a tender and deposit, simply runs the risk of paying defendant's costs, if the recovery falls short of the amount tendered, while the defendant takes the risk of losing the amount tendered, in the event of his succeeding in the action.

(Argued March. 4, 1890; decided March, 18, 1890.)

Appeal from order of the General Term of the City Court of Brooklyn made November 25, 1889, which affirmed an order of Special Term directing payment to plaintiff of an amount deposited with the court in this action.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence. The trial resulted in a verdict for defendant.

The facts, so far as material to the questions discussed, are stated in the opinion.

Before the trial of this action the defendant, upon an affidavit of a previous tender on its behalf in full liquidation of plaintiff's claim and to cover costs to date, obtained an order granting to it leave " to bring into court and deposit with the clerk thereof, the sum of $200, admitted by it to be due, the plaintiff herein, together with $65, costs to date." The order also pro-

vided: "(2) That thereupon unless the plaintiff shall accept the sum in full discharge of this action, the same shall be deducted from any recovery thereon, and the same shall be paid out of court to the plaintiff or her attorneys; that on the trial of the issues joined herein said plaintiff shall not be permitted to give evidence that any such tender has been made." Upon the trial the jury rendered a verdict for the defendant. Thereafter the court ordered the payment of the deposit to the plaintiff.

*Wm. N. Cohen* for appellant. This appeal is properly before the court. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418, 422; *Tracy* v. *F. N. Bank*, 37 id. 523; *O., etc., R. R. Co.* v. *V., etc., R. R. Co.*, 63 id. 176; *Conaughty* v. *S. Bank*, 92 id. 401; *Bergen* v. *Carmen*, 79 id. 146; *McGregor* v. *Comstock*, 19 id. 581; *Sturgis* v. *Spofford*, 58 id. 103; *Marvin* v. *Marvin*, 78 id. 541; *Hobart* v. *Hobart*, 86 id. 636; *Witkowski* v. *Paramore*, 93 id. 467.) The tender herein was not a payment on account, but a mere offer to buy peace, so that a verdict for defendant entitles it to repayment of its deposit. (*Dunning* v. *Humphrey*, 24 Wend. 31; *Johnston* v. *C. Ins. Co.*, 7 Johns. 315, 318; Tidd's Pr. 363; Rumsey's Pr. 616, 617; *Wilson* v. *Doran*, 110 N. Y. 101; *Berdan* v. *Greenwood*, L. R. [3 Ex. Div.] 251, 260; *Hawkesley* v. *Bradshaw*, Id. [5 Q. B. Div.] 302, 305.) In order to make the tender effectual for any purpose, it was the duty of the defendants to pay the money into court, and allege that fact in their answer. (Graham's Pr. 249, 541; Tidd's Pr. 669; *Brown* v. *Ferguson*, 2 Den. 196; *Sheridan* v. *Smith*, 2 Hill, 538; *Simpson* v. *French*, 25 How. Pr. 464; *Becker* v. *Boon*, 61 N. Y. 317, 321; 3 R. S. [6th ed.] 861, § 22.) Assuming, however, that the tender had been pleaded, still the plaintiff is not entitled to the tender in case of an "involuntary injury," when in the progress of the trial there be found an insuperable obstacle to recovery. In such case the plaintiff's right, if any ever existed, to the money on deposit, lapses. (*Breunich* v. *Weselman*, 17 J. & S. 31; 100 N. Y. 609.)

*James D. Bell* for respondent. A party bringing money into court, pursuant to direction of the court, is discharged thereby from all further liability to the extent of the money so paid in. ( *Williamson* v. *Henley,* 6 Bing. 299.) All the cases in which it has been held that the tender was a " nullity " for want of pleading it, are cases where the tender was made before suit brought, or at least before issue was joined, and where the defendant insisted upon his tender being good to defeat the plaintiff's claim at least *pro tanto*, or to prevent his recovering costs. (*Becker* v. *Boon,* 61 N. Y. 317; Code Civ. Pro. § 734; 3 Black. Comm. 304; Graham's Pr. 544.) Payment into court is a payment *pro tanto*. (*Murray* v. *Bethune,* 1 Wend. 191; *Spaulding* v. *Vandercook,* 2 id. 431; *Johnston* v. *C. Ins. Co.,* 7 Johns. 315; *Slack* v. *Brown,* 13 Wend. 390; *Kelly* v. *West,* 2 J. & S. 304; *Wilson* v. *Doran,* 39 Hun, 88; 110 N. Y. 101; *Eaton* v. *Wells,* 82 id. 576; *Doran* v. *Wilson,* 110 id. 101; *Rockefeller* v. *Weiderwax,* 3 How. Pr. 382; 1 Burrill's Pr. 408, 409.) The English cases and authorities are to the same effect. They go so far as to say that the defendant pays into court at his peril, and that even if he has paid in by mistake, he shall not have his money back. (3 Black. Comm. 304; *Vaughan* v. *Barnes,* 2 Bos. & Pul. 392; *Crockay* v. *Martin,* Barnes. 281; *Meager* v. *Smith,* 3 Barn. & Ald. 673, 680; *Le Grew* v. *Cooke,* 1 Bos. & Pul. 332, 333; *Malcolm* v. *Fullarton,* 2 T. & C. 645, 648; *Scherger* v. *Carden,* 11 C. B. 850; *Story* v. *Finnis,* 6 Exch. 123; *Perrin* v. *M. R. Co.,* 11 C. B. 855.)

GRAY, J. We think the order was right. The moneys belonged to the plaintiff from the moment of their deposit, by force of their payment into court under this order. The provisions of the Code permit this procedure by a defendant, in all actions brought for the recovery either of a sum certain, or of damages for a casual, or involuntary, personal injury. They provide for the tender of such a sum of money, as the defendant conceives to be sufficient to make amends for the injury, together with the costs to date. The appellant's

counsel contends, however, for a distinction between a tender of amends, as he insists this was, and an ordinary tender at common law, or under the Revised Statutes. He says that the former implies no concession of liability, but is an offer to buy peace, and hence, if not accepted by the plaintiff, does not belong to him, if the verdict goes adversely to his claim. The distinction, however, is not recognized and it does not exist under our system of procedure.

The Code provides for two courses which may be pursued by the defendant, after suit brought. He may make a tender of a certain sum and, if it is refused, he may deposit it in court; or he may offer to allow judgment to be taken against him for a certain sum with costs. If the former course is pursued, its meaning and result are plain. A tender is not effectual under the Code "unless the money is accepted, or is paid into court." If it is not accepted, in lieu of the acceptance and in order to make his tender available in law, the defendant may deposit the amount in court. The payment into the court is then deemed equivalent to an acceptance by the plaintiff of the amount tendered. The money deposited is deemed in law a payment to the plaintiff on account of the contract obligation, or of a conceded liability for the injury. The provisions of the Code in question, however, are similar to those which existed previously in the Revised Statutes; except that the additional requirement has been made, that the moneys should be paid into the court and notice thereof given concerning them. It was held in *Slack* v. *Brown* (13 Wend. 390), and in *Dakin* v. *Dunning* (7· Hill, 30), that when the money was brought into court it belonged to the plaintiff in any event. In the more recent cases of *Becker* v. *Boon* (61 N. Y. 317) and *Wilson* v. *Doran* (110 id. 101), Judge Earl delivering the opinion in the former and Judge Andrews in the latter case, it was assumed by them that moneys paid into court by a defendant, under a tender, became the property of the plaintiff in all events and that his title to them cannot be disputed. The Revised Statutes and the Code have extended the common-law right of tender, so

as to permit a tender of moneys, or their payment into court where the tender is refused, during the pendency of an action. But the effect under the statutes, as now under the Code, has always been considered to be that the plaintiff recovers in any event the amount of the tender. Judge Bradley, at General Term, in the case of *Wilson* v. *Doran* (39 Hun, 90), collected the authorities in the English reports and in this state, and has there reviewed them.

The plaintiff runs the risk, in proceeding after a tender or deposit, of paying defendant's costs, if the recovery falls short of the amount tendered; while the defendant, in such a case, runs the risk of losing that amount of moneys in the event of his success upon the ensuing trial.

When the moneys are brought into court they become the plaintiff's and it is immaterial, as to the question of their ownership, what the result of the trial may be. This result is a just one. The defendant had two courses available to it, under the Code which regulates the procedure in civil actions. It elected to take that one which involved the tender, or payment of money to the plaintiff and paid the money into court upon the refusal of its tender, under admission of liability *pro tanto*, and to make sure that the plaintiff could not say that she had not been paid so much, in any event.

The order appealed from should be affirmed with costs.

All concur.

Order affirmed.