BEIL v. SUPREME COUNCIL, AMERICAN LEGION OF HONOR.

(Supreme Court, Appellate Division, First Department.   June 30, 1899.)

TENDER—DEPOSIT IN COURT—EFFECT OF ACCEPTANCE.

Where there is a dispute as to the amount due on an insurance policy, and defendant tenders the amount it considers due, and pays it into court, in accordance with Code Civ. Proc. §§ 731–734, providing that, if plaintiff takes out the money paid in, he accepts the tender, and, if the tender is sufficient, plaintiff cannot recover costs, and, if he proceeds with the action after accepting the tender, "the sum accepted must be deducted from the recovery," the acceptance of the tender does not destroy plaintiff's right

to proceed with the action to recover the balance claimed, regardless of conditions in the tender.

Appeal from special term, New York county.

Action by Emma Hulda Beil against the Supreme Council, American Legion of Honor, on a certificate of benefit insurance. From an order discontinuing the action, and directing plaintiff to deliver the certificate to defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and PATTERSON, JJ.

Edward S. Seidman, for appellant.
Alfred J. Carr, for respondent.

O'BRIEN, J. The action was brought to recover $2,000 on a certain benefit insurance certificate issued to the plaintiff's husband, deceased, Carl Beil. The answer, dated November 21, 1898, sets forth that Carl Beil committed suicide, and that, therefore, only a pro rata proportion was due this plaintiff, in accordance with which $939.38 had been that day (November 21st) tendered her and refused. An order was granted November 30, 1898, permitting the defendant to pay the sum mentioned, with costs and interest, amounting in all to $990.76, into court; the order stating that, "unless the plaintiff shall accept the same in full discharge of this action, the same shall be deducted from any recovery." By an ex parte order dated January 28, 1899, the money paid into court was turned over to the plaintiff; the order stating "that said payment shall not be made, and the payment to be made only pro tanto upon defendant's obligation herein, and said sum shall be deducted from the amount of any recovery had by the plaintiff herein." The defendant made a motion, and on March 28, 1899, obtained the order discontinuing the action, from which this appeal is taken.

It is insisted that, upon withdrawing the money from the court, the plaintiff took it with the condition imposed that she thereby discharged the defendant from further liability. This was the view taken by the learned judge below, and what seems to have influenced him particularly, as shown by his memorandum, were the terms of the order under which the moneys were deposited. If, however, the terms of that order were controlling, it will be noted that it was provided therein that, unless accepted in full discharge, the sum deposited should be deducted from any recovery. So, also, in the ex parte order obtained directing the payment, the plaintiff elected not to take the money in full settlement, but only as payment in part. If, however, the tender and deposit in court were made pursuant to the provisions of Code Civ. Proc. §§ 731–734, the terms of neither order are controlling, for these sections establish the rights of the parties. They provide how the tender shall be made, how kept good, and the effect thereof; and, when a deposit is made pursuant thereto, it is beyond the right or power of the parties to annex conditions contrary to the statute. The distinction must not be lost sight of between a compromise or an acceptance of payment, where there is an honest difference as to the amount due, made between the parties out of

court, and a tender after action brought under the Code. An instance of the former is well illustrated by the case of Nassoiy v. Tomlinson, 148 N. Y. 327, 42 N. E. 715, where the statement or rule as laid down in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, was cited with approval, to the effect that:

"When a debtor offers a certain sum of money in full satisfaction of an unliquidated demand, and the creditor accepts and retains the money, his claim is canceled; and no protest, declaration, or denial on his part, so long as the condition is insisted upon by the debtor, can vary the result."

These and similar cases are clearly distinguishable from the case at bar, where, after suit brought, the moneys were deposited in court, to keep the tender good, pursuant to the provisions of the Code. The order under which the payment into court was made, stating that it was done "according to the statute in such case made and provided," shows that the defendant had in mind a payment into court pursuant to statutory enactment; but, apart from this, it may be said that in this state payment into court, after action brought, can be made only pursuant to the Code provisions. These, among other things, provide that, "if the plaintiff takes out the money paid in, he accepts the tender" (section 732); and (by section 733) that, if the sum so tendered is sufficient to pay the plaintiff's demand, the latter "cannot recover costs or interest from the time of the tender, but must pay the defendant's costs from that time;" and finally (by section 734) that, "if the plaintiff proceeds in the action, after accepting the tender, the sum accepted must be deducted from the recovery." It will thus be seen that the effect of the tender, if sufficient, is to give the defendant the benefit of costs, while conferring upon the plaintiff the right and title to the moneys deposited. This was directly held in Taylor v. Railroad Co., 119 N. Y. 561, 23 N. E. 1106, where the syllabus correctly summarizes the decision as follows:

"Under the provisions of the Code of Civil Procedure in reference to tender and payment into court of the money tendered, in case of refusal to accept when the money is so brought into court, it belongs to the plaintiff, and his title thereto cannot be disputed, whatever may be the result of the action. The plaintiff, in proceeding after a tender and deposit, simply runs the risk of paying defendant's costs if the recovery falls short of the amount tendered, while the defendant takes the risk of losing the amount tendered, in the event of his succeeding in the action."

We think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to discontinue denied, with $10 costs. All concur.