(102 App. Div. 60.)

## MANN v. SPROUT.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

TENDER—PAYMENT INTO COURT—RELIEF—POWER OF COURT.

The court can relieve a defendant from a tender which, after the commencement of the action, is, by order, paid into court, where the defendant's answer has been amended by withdrawing the admission of any indebtedness to the plaintiff and setting up counterclaim and demanding an affirmative judgment.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Tender, §§ 88–91.]

Spring and Williams, JJ., dissenting.

Appeal from Special Term, Niagara County.

Action by Charles M. Mann against Seneca Sprout. From so much of an order as permitted defendant to withdraw a tender paid into court plaintiff appeals. Affirmed.

The order permitted the defendant to serve an amended answer setting up, among other things, a counterclaim to plaintiff's alleged cause of action, upon condition that the defendant pay to the plaintiff the sum of $25 and all disbursements incurred by the plaintiff to the date of the service of such amended answer; and also permitted the defendant to withdraw from court the amount of the tender theretofore paid into court pursuant to an order directing the same. Only so much of the order as permits the withdrawal of such tender paid into court is appealed from, and therefore we must assume that the part of the order not appealed from was satisfactory to the plaintiff, and that he has accepted its benefits, viz., the $25 costs and disbursements imposed as a condition of permitting the defendant to serve such amended answer. The action was commenced in the County Court of Niagara county on the 19th day of December, 1903, to recover $1,331.90, being the alleged contract price for constructing a ditch or drain in the town of Royalton, in the county of Niagara, and $15 for extra work performed in connection therewith, which the defendant agreed to pay for, less the sum of $1,138.55, which it is alleged the defendant had paid upon said contract; leaving, as alleged, due and owing to the plaintiff from the defendant, the sum of $208.45. The defendant, by his answer, admitted, in effect, that the plaintiff had completed the work alleged in his complaint to have been performed, that the same was performed under and pursuant to a contract; but he alleged that the contract price for such work was only $1,089, that he had paid to apply thereon the sum of $1,038.55, that no extra work had been performed by the plaintiff for which the defendant was liable, and that there was due and owing to the plaintiff only the sum of $51.35. The defendant, in his answer, further alleged that before the commencement of the action he tendered to the plaintiff said sum of $51.35, being the balance claimed by the defendant to be due to the plaintiff on account of such contract, and that the same was deposited subject to the order of the plaintiff; that the plaintiff refused to accept such tender. Thereafter an order was made permitting the defendant to pay said sum of $51.35 into court by paying the same to the county treasurer of Niagara county, which was done; and said order provided "that the plaintiff have

leave at any time to take said money out of court." Pursuant to said order the money tendered to the plaintiff was paid to the county treasurer, and was held and retained by him. While the pleadings were as above indicated, and while the money so tendered by the plaintiff was on deposit with the county treasurer, but not accepted by the plaintiff, the action was tried, and resulted in a disagreement of the jury. Upon such trial the defendant claimed to have discovered that the drain or ditch had not been dug or completed by the plaintiff as provided for in the contract, and that, as the result of such failure to dig or complete the same, the defendant had sustained damages to the amount of at least $249.55, with interest from the time of the commencement of the action. The defendant thereupon made a motion for leave to serve an amended answer, setting up such fact, alleging that he had only recently discovered that the drain had not been completed, and asked to be permitted to set up the damages sustained by him by reason of the failure of the plaintiff to complete the drain as specified in the contract, as a counterclaim, and alleging that the failure of the plaintiff to so perform his contract had not come to his knowledge until a very short time previous to the making of such motion. The facts alleged in the moving papers upon such motion were not controverted, and, after hearing both parties, the court permitted the defendant to serve an amended answer setting up such counterclaim, upon condition that he pay to the plaintiff the sum of $25 and all disbursements incurred; and also, as we have seen, permitted the defendant to withdraw the amount of the tender paid into court by him.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

D. E. Brong, for appellant.

George F. Thompson, for respondent.

McLENNAN, P. J. The question presented by this appeal is whether or not the court has power to permit an amendment of an answer which shall be effectual where the defendant has paid into court an amount tendered to the plaintiff under a mistake of fact. The question as to whether or not the court improperly exercised its discretion in permitting the defendant to serve an amended answer in this case is not involved, as that part of the order is not appealed from. The question is, has the court power to relieve a defendant from the effect of a tender which, after the commencement of the action, is, by order, paid into court? A tender is an admission by a defendant that he is indebted to the plaintiff in a sum at least equal to the amount thereof. If accepted, it ends the litigation. If not accepted, the rights of the parties remain unchanged. If such tender is paid into court after action brought, for the purpose of keeping it good, the plaintiff may accept it at any time. If he does not accept it, the litigation proceeds exactly as if such tender had not been made, and it only affects the amount of costs which the parties are entitled to recover, except that, in any event, the plaintiff is entitled to the amount of such tender. Under those circumstances it has been held that the amount so paid into court becomes the property of the plaintiff, and that the title passes from the defendant to the plaintiff. Becker v. Boon, 61 N. Y. 322; Beil v. Supreme Council, 42 App. Div. 170, 58 N. Y. Supp. 1049; Wilson v. Doran, 39 Hun, 88. In Becker v. Boon, supra, the court said:

"The object of payment into court is to place the money tendered where the plaintiff will be sure to get it. It becomes the plaintiff's money, and the defendants cannot dispute his right to it."

The foregoing and similar expressions of the courts, we think, must have reference to the condition of the pleadings or issues at the time the payment into court was made. In Taylor v. Brooklyn Elevated R. R. Co., 119 N. Y. 561, 23 N. E. 1106, it was held, where such a tender was paid into court, that, although the plaintiff failed to prove a cause of action, he was entitled to the amount of the tender. Such holding was strictly in accordance with the pleadings in that case. The defendant admitted that Taylor was entitled, in any event, to recover the amount paid into court, and the court, by its decision, simply gave effect to such unqualified admission. That is not the attitude of the parties in the case at bar. By his original answer the defendant admitted an indebtedness to the plaintiff for a certain amount. In order to avoid costs, he tendered the amount, and, after suit brought, in order to make such tender effectual, he paid the same into court. As the pleadings then stood, the plaintiff was entitled to recover the amount of the tender. Then the pleadings were changed, the issues to be tried were changed, the admission in the answer that the defendant was indebted to the plaintiff was eliminated, and it seems quite clear that the payment into court, which was only made for the purpose of making such admission effectual, should also be eliminated. Suppose that A. demands payment from B, of a promissory note for $500 made by him, claiming that the whole amount is due and unpaid. B., honestly believing that he has already paid only $100 upon the note, tenders to A. the balance, which he refuses to accept, and brings an action to recover the face of the note. B., in his answer, alleges the payment of $100, and pays the balance, $400, into court, which A. refuses to take or accept. B. thereafter discovers that he has paid the full amount of the note; that he has it in his possession, marked paid and satisfied by A. Is B. without remedy? May not he be allowed to amend his answer, and be relieved from his act of payment into court? We think the power of the court is sufficiently broad to prevent an injustice of that character, and that the fact that payment into court has been made under such circumstances does not restrain the court in that regard. In the case at bar, it being practically conceded that the court properly exercised its discretion in permitting the defendant to amend his answer by withdrawing his admission of any indebtedness to the plaintiff and by setting up a counterclaim and demanding an affirmative judgment, we think the court had the power and was justified in permitting the defendant to withdraw the money paid by him into court, which only was made for the purpose of making effectual his admission of indebtedness, which was eliminated by the amended answer. It follows that the order appealed from should be affirmed, with costs.

Order appealed from affirmed, with costs.

HISCOCK and STOVER, JJ., concur. SPRING, J., dissents in an opinion in which WILLIAMS, J., concurs.

SPRING, J. (dissenting.) The defendant tendered the money to the plaintiff before the action was commenced, and after its commencement paid the money into court pursuant to an order therefor (Code Civ. Proc. §§ 731–733), which provides:

"It is ordered that the defendant have leave to bring into court the sum of $51.35, admitted by him to be due plaintiff, by paying the same to the county treasurer of Niagara county. And it is further ordered that the plaintiff have leave at any time to take said money out of court."

The attorneys for the plaintiff were notified of the tender. The effect of this tender was to vest the title to the money tendered in the plaintiff. The payment into court was tantamount to a payment to him. He could take it at any time. It was not an extinguishment of his claim, but only a payment pro tanto. The defendant admitted he was indebted that much at least. If the plaintiff recovered only one-half of the sum tendered, still he could retain the whole sum, and that would be so even if the defendant obtained a verdict in his favor. Taylor v. B. E. R. R. Co., 119 N. Y. 561, 23 N. E. 1106; Beil v. Supreme Council, 42 App. Div. 168, 58 N. Y. Supp. 1049. The first case cited was for personal injuries. The defendant, pursuant to an order, paid into court $200 and costs, which money was not taken by the plaintiff. The defendant obtained a verdict at the trial. Thereafter the court ordered the money deposited to be paid to the plaintiff. This was in recognition of the proposition, which is fundamental, that where a tender is made, and the money is paid into court, it irrevocably belongs to the plaintiff. The court say:

"The moneys belonged to the plaintiff from the moment of their deposit, by force of their payment into court under this order. * * * The payment into the court is then deemed equivalent to an acceptance by the plaintiff of the amount tendered. The money deposited is deemed in law a payment to the plaintiff on account of the contractual obligation, or of a conceded liability for the injury. * * * The Revised Statutes and the Code have extended the common-law right of tender so as to permit a tender of moneys, or their payment into court where the tender is refused, during the pendency of an action. But the effect under the statutes, as now under the Code, has always been considered to be that the plaintiff recovers, in any event, the amount of the tender."

This money belonging to the plaintiff, he had a right to it at any time (Becker v. Boon et al., 61 N. Y. 317), and it follows inevitably that the defendant had no right to withdraw it (Murray v. Bethune, 1 Wend. 191; Wilson v. Doran, 39 Hun, 88, reversed 110 N. Y. 101, 17 N. E. 688, but affirmed, as to this proposition; Rumsey's Pr. vol. I, page 758 [2d Ed.]). The rule is thus stated in a sentence in Encyclopedia of Pl. & Pr. vol. 21, p. 580:

"As money paid into court in pursuance of a tender belongs to the opposite party at all events, it follows that the party paying the money has no right to withdraw it."

The acceptance of the money before trial is not essential to transfer ownership to the person to whom it is tendered. The liability of the defendant does not rest upon the action of the plaintiff. The defendant desired to stop interest and save costs, and consequently he offered the plaintiff a certain sum, which the latter declined to accept, and the defendant paid the money into court, which, in effect, was a payment to the plaintiff, and the defendant received the benefit of it. He cannot, after a trial, and disagreement of the jury, as in this case, or at any time, be relieved of the effect of his tender, for he voluntarily parted with the title, receiving benefit therefor deemed adequate to him.

The illustration is made that a man may make a payment into court on the supposition that he owed the plaintiff, but afterward learned he was in error, and the suggestion is that he should be relieved from his imprudent conduct. If in the case instanced the plaintiff had absolutely taken the money, I assume there would be no claim that any relief could be afforded to the defendant. In the case suggested the taking is of no consequence, for he only withdrew what concededly belonged to him. Whether in the court or in his vest pocket is of no importance to the defendant. There is no greater hardship to the defendant in the supposititious case than in Taylor v. B. E. R. R. Co., 119 N. Y. 561, 23 N. E. 1106, where the defendant made his tender, and then succeeded, but still lost the amount tendered. The bedrock of the principle in all these cases is that the tender transferred the title beyond any regaining by the defendant.

The order, so far as appealed from, should be reversed, with costs, and the application to withdraw the tender should be denied.

WILLIAMS, J., concurs.