Wɪʟʟɪᴀᴍ J. MᴄCᴀʀᴛʜʏ *vs.* Tʜᴏᴍᴀs H. Hᴜɢʜᴇs.

DECEMBER 10, 1913.

Pʀᴇsᴇɴᴛ: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, J. J.

*(1)* *Officers. Costs. Collection Agencies. Principal and Agent.*

In the absence of any evidence as to the contract between a collection agency and creditors giving it their accounts for collection, or as to the authority of the agency in the employment of attorneys to sue or of officers to serve the writs, the agency in taking steps for the collection of the accounts, in the absence of a special contract limiting its liability, is an independent contractor and is liable to a constable whom it employs for his fees for the service of writs.

*(2)* *Officers. Process. Costs. Contracts. Implied Promise.*

Where the costs of an officer are legally due, he may recover them from the person who employed him to make service of a writ, although he did not demand such costs in advance, and the liability of the principal is not limited to an express contract with the officer, but an implied promise is equally as effective to bind the principal.

Assᴜᴍᴘsɪᴛ. Heard on exceptions of defendant and overruled.

Jᴏʜɴsᴏɴ, C. J. This is an action of the case in assumpsit brought in the district court of the eleventh judicial district to recover a balance due on an account for services rendered. After decision for plaintiff a jury trial was claimed and the case was certified to the Superior Court. The case was tried before a justice of the Superior Court and a jury. At the conclusion of the evidence for the plaintiff the defendant moved for a nonsuit. This motion was denied. The defendant offered no evidence. The plaintiff moved for the direction of a verdict in his favor and said motion was granted. By direction of the court the jury returned a verdict for the plaintiff for $38.69. The defendant excepted, and the case is before this court on his bill of exceptions, the sole exception being to the direction of said verdict for the plaintiff.

Plaintiff's testimony set forth the following facts: That at the time of rendering the services for which the writ was brought, the plaintiff was a constable with power to serve civil process in Providence County; that at said time the defendant owned and conducted in the City of Pawtucket a business known as a collection agency and advertised the collection of bills; that defendant at divers times handed plaintiff writs of attachment for service upon certain defendants; and did in each and every instance direct plaintiff with respect to said service of said writs; and did from time to time pay said plaintiff sums of money on said running account out of his own funds; that each of the writs received bore the name of the plaintiff in the action commenced thereby; that plaintiff was at no time hired, directed or paid by any person other than the defendant with respect to said services rendered; or received any of said writs except from the hands of said defendant; and that the plaintiff always looked to said defendant for his compensation for such services rendered at divers times; and until this dispute as to the balance due on said running account, payment was made him by said defendant without objection; that the defendant gave to the plaintiff each week a slip with the amount due and the amount defendant paid the plaintiff thereon.

The defendant contends that the plaintiff as a constable in serving said writs was informed by the writs as to who was the principal; that the defendant was the agent of the creditor or principal disclosed in each writ; that the defendant exonerated himself from any liability by reason of his having disclosed the name of his principal, through its appearance upon the writ, especially since he made no express agreement to pay such fees.

"In general, when a man is known to be acting and contracting merely as the agent of another, who is also known as the principal, his acts and contracts, if he possesses full authority for the purpose, will be deemed the acts and contracts of the principal only, and will involve no personal

responsibility on the part of the agent, unless the other circumstances of the case lead to the conclusion, that he has either expressly or impliedly incurred, or intended to incur, such personal responsibility." Story on Agency, § 261.

Was Hughes, however, merely the agent of the various parties for whom he had undertaken to collect bills, and did he merely as such agent employ McCarthy? Can it certainly be said that the circumstances of the case do not lead to the conclusion that he has either expressly or impliedly incurred or intended to incur, personal responsibility? It is undisputed that he advertised himself as a collector of bills, and that he carried on the business of collecting bills. What was his contract with the creditors who gave him their bills for collection? What was his authority as to the employment of attorneys to sue or of officers to serve the writs? There is no evidence as to such contract or as to his authority from those who gave him their bills to collect. His contract with those who employed him to collect bills and his authority can only be inferred from the nature of the employment. In 6 Am. & Eng. Ency. of Law, 209, a collection agency is thus defined: "A collection agency is a concern whose business it is to collect all kinds of claims, as well as notes, drafts, and other negotiable instruments, on behalf of others, and to render an account of the same." The liability is stated thus: "An agency of this kind upon receiving a claim for collection guarantees that it will use its best endeavors to collect the same; that where suit is necessary, it will select a competent and reliable attorney for the purpose, and in the event of the negligence, dishonesty, or unauthorized acts of the latter, will save the creditor harmless."

This statement as to the liability is supported by several cases. In the case of *Hoover* v. *Wise*, 91 U. S. 308, affirming *Hoover* v. *Greenbaum*, 61 N. Y. 305, the case is stated by the court thus:  ·

"It appears from the record that an account or money demand was delivered by its owners to Archer & Co., a

collecting agency in the city of New York, and received by them, with instructions to collect the debt, and with no other instructions; that this agency transmitted the claim to McLennan & Archbold, a firm of practising lawyers in Nebraska City. Several acts of bankruptcy had been committed by Oppenheimer when Mr. McLennan persuaded him to confess judgment for the debt thus sent to him. Proceedings in bankruptcy were instituted against Oppenheimer within four months after such confession, and were prosecuted to a decree of bankruptcy. At the time of receiving the confession McLennan was well aware of the insolvency of Oppenheimer, and that the confession was taken in violation of the provisions of the Bankrupt Act.

"The money collected was remitted to the collection agents in New York from whom he received the claim, but never paid by them to Wise & Greenbaum, the creditors.

"When the debt in question was delivered to the collection agency in New York, it was so delivered, as testified by one of its owners, 'for collection.' 'Archer & Co.,' he says, 'were collection agents in New York. I gave them no directions except to try their best to collect it. They told me they would send it out (to Nebraska). I gave no other instructions.' 'The business of Ledyard, Archer & Co. (he says), was to take claims for collection in different parts of the country, and, if necessary, have them sued.'

"Mr. Archer, of the collection firm, testifies that he received the claim for collection; that he told the defendants, if sent on at once, he thought it could be collected; that the account was verified by one of the defendants, and sent by the witness to Mr. McLennan, a lawyer, at Nebraska City; that he afterwards told the defendants the account had been put in judgment, and that he hoped to make the money, or the greater part of it. When he made this communication he had McLennan's letter in his hand, and communicated it to the defendants. He further testified that the money had been received by him from McLennan, but had never been paid over to Wise & Co.

"The referee held that the knowledge of the condition of the bankrupt by the attorneys residing in Nebraska, who took the confession of judgment, was the knowledge of the creditors in New York. The Supreme Court and the Court of Appeals adjudged otherwise, holding them to be the agents of Archer & Co., and not of Wise & Greenbaum, the creditors. It is upon this point of difference that the case is now presented for decision."

After speaking of the general principles of agency, the court says:

"Upon these general principles we find no difficulty. But the real question still remains: Was McLennan of Nebraska the agent and attorney of Wise & Co., the owners of the debt? or were Archer & Co., the collection agents, his principals? and was it to them only, and not to Wise & Co., that he stood in the relation of agent and attorney?

"The evidence was uncontradicted in every particular. It became, therefore, as stated in the opinion of the Court of Appeals, a question of law, whether the evidence sustained the findings of the referee.

"The rule of law is undoubted, that for the acts of a sub-agent the principal is liable, but that for the acts of the agent of an intermediate independent employer he is not liable."

. . . "Without attempting to harmonize or to classify the conflicting authorities, we think the case before us falls within a particular range of decisions, in which the preponderance is undoubted."

The court then cites: *Reeves* v. *State Bank of Ohio*, 8 Ohio St. 465; *Mackersy* v. *Ramsays*, 9 Clark & Fin. 818; *Montgomery Co. Bank* v. *The Albany City Bank*, 3 Seld. 459; *The Com. Bank of Penn.* v. *The Union Bank of New York*, 1 Kerman 203 and *Allen* v. *Merchants' Bank*, 22 Wend. 215.

The court then proceeds:

"These cases show that where a bank, as a collection agency, receives a note for the purposes of collection, that its position is that of an independent contractor, and that

the instruments employed by such bank in the business contemplated are its agents, and not the sub-agents of the owner of the note. It is not perceived that it can make any difference that such collection agency is composed of individuals, instead of being an incorporation. These authorities go far towards establishing the position that Archer & Co., in the case before us, were independent contractors, and that the parties employed by them were their agents only, and not the agents of Wise & Co., in such manner that Wise & Co. are responsible for their negligence, or chargeable with their knowledge." . . .

"There is, however, another class of cases still more to the point.

"In *Bradstreet* v. *Everson*, 72 Penn. St. 124, the case was this; The defendants were a commercial agency in Pittsburg, with agents throughout the United States, for the collection of commercial paper. The plaintiffs delivered to them, for collection, four drafts, payable in Memphis, Tenn. They sent them to Mr. Wood, their agent in Memphis, who obtained the money upon them, and, becoming embarrassed, failed to remit. On being called upon for the money, the defendants attempted to excuse themselves, on the ground that they followed the instructions of the plaintiffs, and were their agents merely, reporting from time to time; that Wood, who received the money, was not their agent; that he was a reputable man; and that they had never received the money from him.

"Among other points, they insisted upon the following, viz.: If the plaintiffs placed the acceptances in the defendants' hands for collection, and knew that their personal attention and direct service in such collection would not, in the usual course of business, be given to it at Memphis, and that the employment of an attorney to attend to it at Memphis was necessary, or the proper and usual course of doing such business, then the plaintiffs thereby made either such person or defendants their agent therein, with power to employ an attorney or sub-agent therein at Memphis; and their

immediate agent under such authority would not be responsible for any default of such sub-agent, if selected with reasonable care and diligence. And again they insisted, if the plaintiffs gave defendants at Pittsburg acceptances to collect at Memphis, they thereby constituted defendants their agents therein; and such agents are not responsible for any loss so long as they have used the usual diligence, and conducted themselves according to the usual course of doing such business. The questions now before us were thus directly presented. In a careful opinion delivered by Mr. Justice Agnew, citing many authorities, these propositions are overruled. The court hold that the receipt for collection imported an undertaking by the collecting agent himself to collect; not merely that he receives it for transmission to another for collection, for whose negligence he is not to be responsible. He is, therefore, liable by the very terms of his receipt for the negligence of the distant attorney who is his agent; and he cannot shift the responsibility from himself upon his client.

"*Lewis & Wallace* v. *Peck & Clark*, 10 Ala. 142, and *Cobb* v. *Becke*, 6 Ad. & Ell. N. S. 930, are to the same purport. The last named case is especially full and explicit.

"We are of the opinion that these authorities fix the rule in the class of cases we are now considering; to wit, that of attorneys employed, not by the creditor, but by a collection agent who undertakes the collection· of the debt. They establish that such attorney is the agent of the collecting agent, and not of the creditor who employed that agent. We concur, therefore, in the conclusion reached by the Court of Appeals of the State of New York, that McLennan was not the agent of Wise & Greenbaum, the New York creditors, in such a sense that his knowledge of the bankrupt condition of Oppenheimer is chargeable to them."

(1)     We think this reasoning is sound. In our opinion a collection agency, in taking steps for the collection of accounts, in the absence of a special contract limiting its liability, and no such contract is here claimed, is an independent contractor, and is liable to those whom it employs

in the business of making collections. We see no reason for a distinction in this respect whether the employee is an attorney or a constable.

The defendant also argues that the relationship between the plaintiff and defendant was not that of principal and agent; that the plaintiff was the agent of the law and not of the defendant; that the plaintiff ought to have required his fee in advance, and that there being no express agreement by the defendant to pay the plaintiff's fees he cannot recover. There is no dispute as to the amount of the plaintiff's claim. The defendant simply claims that he is not the party liable therefor. The question here is not such as was raised in *Gerardi* v. *Caruolo*, 27 R. I. 214, where the sheriff was held to have brought his action prematurely because the costs had not been allowed by the court. That case, however, implies that if the costs are legally due the plaintiff can recover them, and therefore disposes of defendant's contention that the officer is the agent of the law and not of the plaintiff, and also of his contention that the officer not having demanded his fee in advance, cannot now recover it of defendant. The defendant's counsel admits in his brief that defendant would be liable if he had made an express promise to pay for the services. We see no good reason for limiting such liability to an express promise. No question of the Statute of Frauds is raised and an implied promise is as effective to bind the defendant as an express one. The whole course of dealing between plaintiff and defendant was such that an obligation to pay plaintiff could properly be implied therefrom. The plaintiff was employed by the defendant, took his instruction from the defendant, got fees from defendant, as shown by payments on account, and knew no one else in the transaction.

The defendant's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*John L. Maroney*, for plaintiff.

*Peter J. Quinn*, for defendant.