

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 4, 1961

Honorable Dan Brazil          Opinion No. WW-1033
County Attorney
Angelina County               Re: Whether an attorney, in fil-
Lufkin, Texas                     ing suit in the Small Claims
                                  Court, in behalf of business-
                                  es, corporations and other
                                  people who are able to pay
                                  attorney's fees, etc., would
                                  be considered a collection
                                  agent under Section 2 of
                                  Article 2460a of Vernon's
Dear Mr. Brazil:                  Civil Statutes.

        We are in receipt of your letter dated February 19,
1961, requesting an opinion as to whether an attorney, in
filing suit in the Small Claims Court, in behalf of busi-
nesses, corporations and other people who are able to pay
attorney's fees, etc., would be considered a collection
agent under Section 2 of Article 246Ca of Vernon's Civil
Statutes.

        With reference to this question, Section 2 of Article
246Ca of Vernon's Civil Statutes reads as follows:

        "The Small Claims Court shall have and
        exercise concurrent jurisdiction with the
        Justice of the Peace Court in all actions for
        the recovery of money only where the amount
        involved, exclusive of costs, does not exceed
        the sum of Fifty Dollars ($50), except that
        when the claim is for wages or salary earned,
        or for work or labor performed under any con-
        tract of employment, the jurisdictional amount,
        exclusive of costs, shall not exceed One Hundred
        Dollars ($100).  Provided, however, that no
        action may be brought in the Small Claims Court
        by any assignee of such action or upon any
        assigned claim or by any person, firm, partner-
        ship, association or corporation engaged, either

primarily or secondarily, in the business of
lending money at interest, nor by any collec-
tion agency or collection agent. Provided
further, however, that nothing in this Act
shall prevent the bringing of any action by a
legal heir or heirs on any account or claim
otherwise within the jurisdiction of these
Courts."

A "collection agency" is defined in Volume 7A of Words
and Phrases as follows:

"A 'collection agency,' which is defin-
ed as a concern which collects all kinds of
claims for others and to whom it renders
accounts, guarantees to use its best endeavors
to collect the claims and to select a competent
and reliable attorney when suit is necessary,
for whose negligence, dishonesty, or unauthoriz-
ed acts it will save the creditor harmless.
McCarthy v. Hughes, 88 A. 984, 985, 36 R.I. 66,
Ann. Cas. 1915 D, 26."

Under Section 2, Article 2460a, Vernon's Civil Statutes,
an attorney is not prohibited from representing businesses,
corporations and other people in the Small Claims Court un-
less the businesses, corporations or other people are engaged
in lending money at interest, and unless the action is upon
any assigned claim or by any collection agency or collection
agent.

If the collection of claims for businesses, corporations,
or other people is a mere incident of the practice of law, an
attorney, in filing suit in the Small Claims Court in behalf
of his client would not be considered a collection agent and
would have every right to represent the businesses or corpora-
tions in the Small Claims Court, if such claims are not exclud-
ed under Section 2. If, on the other hand, a licensed attorney
or attorneys operate a collection agency as an independent
business rather than as a necessary incident to the practice of
law, then, we must hold that the attorneys would be considered
collection agents or owners of a collection agency.

There is a clear distinction between the profession of
law and the business of conducting a collection agency. In

the case of <u>State Bar of California v. Superior Court in and for Los Angeles County</u>, 278 Pac. 432, at page 437, the Court in its opinion stated:

> "'. . . the practice of the law is the doing or performing services in a court of justice, in any manner depending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court.' . . ."

And in the case of <u>Kendrick v. State</u>, 120 So. 142, by the Supreme Court of Alabama, the practice of law is clearly distinguished from the operation of a collection agency. The following is quoted from the opinion of the Court:

> ". . . To practice law is to exercise the calling or profession of the law, usually for the purpose of gaining a livelihood, or at least for gain. <u>To engage in the business of collecting claims by demand or negotiation out of court is not to practice law. There is no more necessary relation between the two than there is between the practice of law and scores of other things which lawyers, in common with other folks, must do in order to be able to follow their different vocations.</u> The act under consideration, section (d), involves a radical change of meaning in the collocation of words, 'practice law'. To collect claims out of court, that is, without recourse to legal remedies, and to practice law connote very different things to the lay mind, and we have stated the steps necessary to the making of a licensed lawyer, in order to show how broad is the technical difference between the two. The opinion in Ex parte Cowert, supra, presents a close analogy. The language of that case . . . we think may be fairly paraphrased as follows: No man . . . declaring that regularly licensed attorneys alone have authority to practice law, would for a moment conceive the proposition to involve an inhibition against the collection of claims by demand or negotiation out of court by anyone but a licensed attorney. . . ." (Emphasis added)

You are, therefore, advised that attorneys representing businesses, corporations and other people in the Small Claims Court in actions not excluded under Section 2, Article 2460a, are not considered collection agents so long as the collections are incidents of the practice of law as opposed to an independent business for the collection of claims.

### S U M M A R Y

An Attorney who files suit in the Small Claims Court in behalf of businesses, corporations and other persons, who are able to pay attorney's fees is not by reason of these facts a collection agent under Article 2460a, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Iola Barron Wilcox
Iola Barron Wilcox
Assistant

IBW:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Grundy Williams
Joe Allen Osborn
Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore